FILED

2003 OCT 20 P 1: 05

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

## AT NEW HAVEN

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | NO. 3:02CV1309 SRU |
| and | |
| RACHEL EGAN | OCTOBER 16, 2003 |
| and | |
| LOYAL EGAN | |
| PLAINTIFFS | CIVIL ACTION |
| VS. | |
| ATTORNEY JOHN BERMAN | PLAINTIFFS' MOTION |
| and | FOR ENLARGEMENT |
| BERMAN, BOURNS, CURRIE, AND DEMBO | OF TIME TO COMPLETE |
| and | 26f AND CONFERENCE |
| PAUL EGAN | |
| DEFENDANTS | |

# MOTION FOR ENLARGEMENT OF TIME

# TO COMPLETE 26f AND CONFERENCE

The plaintiffs respectfully request and Enlargement of Time to complete the 26f and settlement conference for the following reasons:

**Transfer of Case**

This case and its related case, 3:01CV01555, were administratively transferred to the Honorable Judge Kravits at the District Court at New Haven, on August 22, 2003.

The transfer was not at the request of any party, but was administratively made in order to supply a newly appointed judge with cases.

The plaintiff filed a Motion for Relief under 60(b) from that administrative Order, requesting to be transferred back to the District Court at Bridgeport.

In light of that Motion for Relief, the plaintiff filed a motion for enlargement of time as to the filing of all pleadings in the two transferred cases, until the pending Motion for Relief were decided.

On October 6, 2003, the plaintiff's request was granted, and an Order for Transfer in both cases was granted, so that the two cases were transferred back to their original forum of the District Court at Bridgeport.

The plaintiff did not receive notice of that transfer on that day, but learned of it on October 8, 2003, the same day she spoke to Attorney Majewski regarding the 26f.

The plaintiff had only learned of the Transfer that day, because she had driven up to file an emergency Motion for Enlargement of Time, requesting a 10 day extension in both of the two cases, due to a serious health issue named in that Motion.

**Parties Agreement**

The plaintiff, Hadley Macpherson, spoke with Attorney Kevin Majewski, representing defendants Attorney John Berman, and Berman, Bourns, Currie and Dembo, on October 8, 2003, regarding the required 26f and conference.

Attorney Majewski was in agreement that to complete the 26f and conference, with the Motion for Dismissal still pending, would be inappropriate ineffectual at this time.

Attorney Majewski agreed that were the parties to complete the 26f while the defendant's Motion for Dismissal is pending would create a situation where the parties would have to re-file a new 26f all over again in the next few weeks, which would make the present filing redundant and void.

Attorney Majewski suggested in the course of the phonecall that the parties submit a letter to the Court explaining the delay of the filing of the 26f documents.

Attorney Majewski offered to draft the letter and send a copy to the plaintiff Hadley Macpherson.

The plaintiff, Hadley Macpherson, asked instead that Attorney Majewski fax her a copy of the letter he intended to send to the Court so that she could see it in advance and sign her name to it also.

On October 13, 2003, the plaintiff, Hadley Macpherson, spoke with Attorney Majewski, who said he would fax it the next day, Tuesday, October 13, 2003.

When no fax arrived on Tuesday, October 14, 2003, the plaintiff placed a call to Robinson and Cole to reach Attorney Majewski, and left a message on his voicemail regarding the letter that had not been faxed to her yet.

On Wednesday, October 15, 2003, the plaintiff, Hadley Macpherson, left another message on Attorney Majewski's voicemail questioning the whereabouts of the letter, as it still had not arrived via fax., and he had not returned the plaintiff's phone call.

On Thursday, October 16, 2003, the plaintiff phoned Robinson and Cole at 8:30 a.m. to speak to Attorney Majewski. The plaintiff was told that he had not arrived at the office yet.

The plaintiff left a message with both his secretary and on Attorney Majewski's voicemail at that time, again requesting that he phone her as to where the letter to the Court was at this point.

At 11:30 a.m. that same day, Thursday October 16, 2003, the plaintiff, having still not heard back from Attorney Majewski, phoned him again.

At that time, Attorney Majewski's secretary told the plaintiff that she had given the plaintiff's message to Attorney Majewski, but that his message in response was that he would be out of town all day.

The plaintiff, Hadley Macpherson then asked the secretary if Attorney Majewski had changed his mind regarding his offer to draft the letter to the Court outlining the parties' joint agreement to request an enlargement of time to file the 26f since had not done so, and had not sent any message back to the plaintiff regarding the status of that letter.

The secretary then said that Attorney Majewski stated to her that he had started the letter the day before but that it was not finished.

At that point, the plaintiff, Hadley Mapcherson, left a message with both the secretary, and on Attorney Majewski's voicemail, that she was drafting her own letter and request, as she could not wait any longer, not wanting to default over a procedural technicality, and asked once again that Attorney Majewski phone her on her cell phone regarding whether he had had a change of mind.

The plaintiff, Hadley Macpherson, having not heard from Attorney Majewski, instead is now drafting this letter alone.

Though the plaintiff is without any direct response from Attorney Majewski, she is still under the belief that he is in agreement as to this Request for Enlargement of Time to file the 26f under the circumstances.

**Wherefore,** the plaintiff, is now requesting an enlargement of time of 30 days, by which to file the 26f, given the Transfer, the pending Dismissal, the

parties agreement, and the plaintiffs health.

With no response from Attorney Majewski to the contrary, the plaintiff, Hadley Macpherson, believes that this letter would be in line with the intent he would have expressed himself, if he had opportunity to finish his letter.

The plaintiff, Hadley Macpherson, is faxing a copy of this letter to Attorney Majewski's office in the belief that we are in agreement, though since he is out of town at a deposition, there is no way for him to co-sign this letter.

The defendant pro se, Paul Egan, who has filed no Answer in this case, is opposed to all extensions and filings of the plaintiffs.

Respectfully Submitted,

_____
Rachel Egan

_____
Hadley Macpherson

_____
Loyal Egan

P.O. Box 501

Lahaska, PA

18931

(215) 872 - 2194

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed this day, October 16, 2003 to Attorney Kevin Majewski, of Robinson & Cole, at 280 Trumbull Street, Hartford, CT 06103 - 3597, and Paul Egan, at P.O. Box 83, Centerbrook, CT. 06409.


_Rachel Egan_
Rachel Egan

_Loyal Egan_
Loyal Egan

Plaintiff Pro Se

_Hadley Macpherson_
Hadley Macpherson
P.O. Box 501
Lahaska, PA   18931
(215) 872 - 2194