# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

FILED
2004 JAN 13 P 4: 04
US DISTRICT COURT
BRIDGEPORT CT

## AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | NO. 3:02CV1309 SRU |
| and | |
| RACHEL EGAN | JANUARY 13, 2004 |
| and | |
| LOYAL EGAN | |
| PLAINTIFFS | LETTER TO THE COURT |
| | |
| VS. | |
| | |
| ATTORNEY JOHN BERMAN | CIVIL ACTION |
| and | |
| BERMAN, BOURNS, CURRIE AND DEMBO | |
| and | |
| PAUL EGAN | |
| DEFENDANTS | |

# **LETTER TO THE COURT**

To the Honorable Judge Underhill,

On December 5, 2003, a conference call was held between the defendant's attorney, Attorney Kevin Majewski, the plaintiff, Hadley Macpherson, and this Court.

During that conference call, this Court asked the plaintiff to choose a date by which she could continue the process. The plaintiff, Hadley Macpherson, agreed to the date of January 15, 2004 have her papers filed.

The plaintiff had every intention at that point of bringing in the documents on time, and meeting the requirements and deadlines graciously set down by this Court.

However, the plaintiff is not able to meet that date.

The plaintiff, Hadley Macpherson, in light of recent personal events, and the cumulative effect of events of the past year, has suffered an inability to function to the best of her potential.

Further, the facts and issues involved in the cases that are before this Court, #3:01CV01555, and #3:02CV1309, have heightened that inability, as the plaintiff pro se herself was a party to those events and issues when they originally occurred, the retelling of which on paper, and re-reading of which in transcript, has proved to be more emotionally stressful for the plaintiff than she anticipated.

Further, the plaintiff, Hadley Macpherson, has another case at this Court as well, case #3:02CV1973, which was a case of medical malpractice born out of a surgery that

took place on December 6, 2000, in which surgical actions were taken without the plaintiff's consent, some of which were experimental, all of which resulted in physical damage and mental suffering to the plaintiff.

That case, #3:02CV1973, while not at issue with this Court, has run concurrently with those of #3:01CV01555, and #:3:02CV1309, as the events occurred during the time of the occurrence of the issues involved in the other cases, and the plaintiff would have lost her opportunity to recover due to statute of limitations, if she had waited any longer to file.

However, the litigating of the issues and events involved in #3:02CV1973, combined with the litigating of the issues and events involved in the two cases before this Court, has resulted in the plaintiff being unable as a pro se, to distance herself enough emotionally from all that has occurred, and avoid being overwhelmed by grief.

The plaintiff is driving this Letter to the Court directly to Bridgeport, this day of January 13, 2004, to ensure its prompt arrival.

The plaintiff does not know as of this day if any of the above actions have been dismissed for lack of diligence to pursue the process, as she has received no notice at of yet, if such a dismissal has been ordered. She is hoping it has not.

The plaintiff believes in the justness of the cases she has brought before this Court, and does not want to lose because she suffered an inability to face recent events, and past traumas, with equanimity.

The plaintiff believes she is recovered enough to continue.

The plaintiff intends to bring all documents in on Monday, January 19, 2004.

Though the plaintiff realizes that she is out of the time allotted, she will bring her

documents in with a Request that they be accepted out of Time.

The plaintiff understands that acceptance of the documents may not be allowed, and that Dismissal might be inevitable. If so, the plaintiff thanks the Court in advance for its time, and the grace afforded her in the past.

The plaintiff, does not wish to quit, and despite the set back suffered, will continue to stand, re-file if need be, and diligently pursue what she believes is a just and necessary cause until she either wins, or loses, by the merits.

The plaintiff apologizes to the Court, and the other attorneys involved, for her delay. It was never due to an intentional lack of diligence, but only due to a lack of strength of mind.

_____
Rachel Egan

_____
Loyal Egan

Respectfully Submitted

_____
Hadley Macpherson
P.O. Box 501
Lahaska, PA. 18931
(215) 872 - 2194

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed this day, January 13, 2004, to Attorney Kevin Majewski, of Robinson & Cole, at 280 Trumbull Street, Hartford, CT 06103 - 3597, and Paul Egan, at P.O. Box 83, Centerbrook, CT. 06409.

Rachel Egan

Loyal Egan

Plaintiff Pro Se

Hadley Macpherson
P.O. Box 501
Lahaska, PA  18931
(215) 872 - 2194