# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

**FILED**

2004 APR 13  A 9: 54

U.S. DISTRICT COURT
BRIDGEPORT, CONN

### AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | NO.  3:02CV1309 SRU |
| and | |
| RACHEL EGAN | APRIL 12, 2004 |
| and | |
| LOYAL EGAN | |
| PLAINTIFFS | CIVIL ACTION |
| VS. | |
| ATTORNEY JOHN BERMAN | LETTER TO HONORABLE |
| and | JUDGE UNDERHILL  AT |
| BERMAN, BOURNS, AND CURRIE | DISTRICT COURT AT |
| and | BRIDGEPORT |
| PAUL EGAN | |
| DEFENDANTS | |

# **LETTER TO HONORABLE JUDGE UNDERHILL**

The plaintiffs are aware telephone conferences are scheduled in this case # 3:01CV01555, Macpherson, Egan, v. Hodgdon, and in the case of 3:02CV1309, Macpherson, Egan, v. Berman, Egan, Berman, Bourns, Currie, Aaron, and Dembo.

The plaintiffs understand that the purpose of the two telephone conferences is to establish the status of the cases.

The plaintiffs are seriously behind deadlines in both cases, as to the submission of oppositional papers, and understand that both cases are in danger of probable dismissal as a result of the delay.

This letter is meant to inform all parties in both cases, as well as the Court, for the reason for the delay, and the plaintiff's position as of this date.

Though any explanation at this point may serve no purpose, if there is any chance to at the least be dismissed without prejudice, the plaintiffs wish to offer one.

Despite the following reasons for delay, the plaintiffs do not wish to give up their action, and fully intend to immediately re-file, if permitted to.

The reasons for delay were as follows:

1          Since the previous status calls, Loyal Egan's medical condition known as Dystonia, has deteriorated. Dystonia, as defined by any medical source, is an "excruciatingly painful disease". The number of episodes that Loyal Egan is suffering per day, can be up to thirty.

When the episodes occur, he cannot use whichever hand is affected, and some episodes last two hours on a bad day. There are mornings that he wakes and cannot use his hands, his right hand in particular, to even brush his teeth.

While Loyal Egan is a stoical young man, who is not prone to complain, the down turn has been discouraging for him. There are more tests that need to be done, and as with all Dystonias, only time will tell what the course of the disease will ultimately bring.

As for the plaintiff, Hadley Macpherson, this has been a difficult time for reasons obvious to any parent.

2. Further, amidst the medical issue, this was also Loyal Egan's eighth grade year. Loyal, like his sister, has been home-educated all of his life, and this year has been in the process of applying to enter private high school next year as a 9th grader, just as his sister Rachel did five years ago.

Loyal has also been working toward acquiring the same financial aid scholarship as Rachel did in the past as well.

Both the admittance and aid is determined by performance on the national standardized achievement tests.

Like his sister before him, Loyal achieved very well on the testing, scoring perfect scores on the High School Entrance exams known as the SSAT, as well as scoring a 750 on the actual SAT College Board English Exam, and a 670 on the actual SAT College Board Math Exam.

However, Loyal's hand condition has posed a problem with his admittance

to private high school due to his inability to contribute to sports, and the school's concern about Loyal's future health, and ability to contribute and participate.

This has been discouraging to Loyal to say the least, who had his heart set on one particular very fine boys prep school for a number of years.

Loyal is a bright young man who has worked hard, and is academically worthy of placement, and worthy of the financial scholarship that goes with it. The knowledge that his inability to perform physically as he once did, and that that inability has affected his placement, has been sobering to him.

3.  Finally, on March 25, 2004, the plaintiff, Hadley Macpherson, and the defendant, Paul Egan, went before the Appellate Court at Hartford, to give Oral Argument on the Appellate Brief formerly mentioned to this Court, that being the Appellate Case of AC 24175.

Being a pro se in that Appeal, that Oral Argument required significant preparation prior to that date, and further time to be taken away from the cases now before this Court.

The above three issues, and the complexities surrounding them, were the cause for the plaintiffs' delay.

The plaintiffs however, are now prepared to proceed if permitted, or prepared to re-file if need be.

The plaintiffs have all documents ready to be submitted but have had concern that if the status phone calls are to inform the plaintiffs of Dismissal, that they will lose on the new

documents and information contained in them as well.

The issues in the documents ready to be filed still fall within the statute of limitations, but if thrown out with the previously filed documents, would be lost if Dismissed with Prejudice.

The plaintiffs, being a pro se, and having no experience with status calls, or what a second set is likely to imply, have weighed all weekend whether to attempt to bring in the documents prior to the status calls. The plaintiffs have been unable to ascertain what is allowed to be filed at this point, or what would happen to the filings if a Dismissal was granted.

The plaintiffs therefore are waiting until after the conference status calls, so as not to make a fatal mistake to their cause.

The plaintiffs wish the Court and all parties to know that they are prepared to move immediately forward if the cases are not dismissed, and to file all papers immediately with the Court if permitted to do so,

The plaintiffs have no desire to prolong these cases any further, and are in favor of an expedited track for Trial.

The plaintiffs do not need to hold depositions in either case.

Finally, the plaintiffs apologize for the delay, and their silence as to the reason for it. Whatever the outcome of the status calls, the plaintiffs thank the Court and all parties for their patience throughout this process.

Respectfully Submitted,

_Rachel Egan_
Rachel Egan

_Loyal Egan_
Loyal Egan

_Hadley Macpherson_
Hadley Macpherson

P.O. Box 501

Lahaska PA 18931

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed this day, April 12, 2004 to Attorney David Samuel, of Robinson & Cole, at 280 Trumbull Street, Hartford, CT 06103 - 3597, and Paul Egan, at P.O. Box 83, Centerbrook, CT. 06409.

*Rachel Egan*
Rachel Egan

*Loyal Egan*
Loyal Egan

Plaintiff Pro Se

*Hadley Macpherson*
Hadley Macpherson
P.O. Box 501
Lahaska, PA  18931
(215) ~~872-2194~~
325-1001