# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

FILED

2004 JUN -2 P 4: 59

US DISTRICT COURT
BRIDGEPORT

### AT BRIDGEPORT

| | |
|---|---|
| **HADLEY MACPHERSON (EGAN)** | **NO. 3:01CV1309 SRU** |
| and | |
| **RACHEL EGAN** | |
| and | **JUNE 2, 2004** |
| **LOYAL EGAN** | |
| PLAINTIFFS | |
| | **MOTION FOR STAY OF** |
| **V.** | **PROCESS AND** |
| | **STAY OF DEFENDANTS** |
| **ATTORNEY JOHN BERMAN** | **RESPONSE TO** |
| and | **PLAINTIFFS' AMENDED** |
| **BERMAN, BOURNS, & CURRIE, LLC** | **COMPLAINT FILED ON** |
| and | **MAY 14, 2004** |
| **BERMAN, BOURNS, AARON, AND DEMBO LLC** | |
| and | |
| **PAUL EGAN** | **CIVIL ACTION** |
| DEFEENDANTS | |

# MOTION FOR STAY OF PROCESS

## AND STAY OF DEFENDANTS' RESPONSES TO

## PLAINTIFFS' AMENDED COMPLAINT FILED ON APRIL 14, 2004

The plaintiffs, Hadley Macpherson, Rachel Egan, and Loyal Egan, respectfully request that the process be stayed, and that the defendants' responses to her Amended Complaint filed on May 14, 2004, be stayed for the following reasons:

The plaintiffs became aware just before the deadline date of May 14, 2004, in both this case #3:01CV1309 SRU, and in the case of 3:02CV01555 SRU, of facts that completely and substantially altered the nature of the claims against the parties in both cases.

The facts discovered had been previously hidden from the plaintiffs, and clearly establish connections between the allegations in both cases that the plaintiffs had been unaware of before.

The information discovered should have been disclosed to the plaintiffs years ago, as the attorneys involved had a duty to disclose the nature of the connections. That non-disclosure therefore was a fraudulent non-disclosure, and as such, hid an actual and substantial basis for liability from the plaintiffs until this time.

The facts surrounding the connection between the parties was difficult to ascertain, and difficult to substantiate before the May 14, 2004 deadline.

The plaintiffs, aware that the dismissal which would have occurred immediately after Friday, May 14, 2004, had they not filed an Amended Complaint on the absolute date of Friday, May 14, 2004, had no choice on May 14, 2004 but to file the Amended Complaints that they did, or else lose all chance of recovery, permanently.

The plaintiffs did not yet have the complete information to substantiate their claims as of that date, and were in a quandary since they could not alter the date, nor could file fully the nature of their claims as they began to understand them to be as a result of the recent discovery of the connection between the parties.

Hence the plaintiffs filed the Amended Complaints in the semi-complete fashion that they did, not knowing what else to do, whether to reserve claims or withdraw since that time.

Withdrawing and refilling would cause substantial financial hardship to the Plaintiffs, and would in actuality be a burden that they could not meet as they could only re-file all claims against the parties after paying all attorney fees from the cases now filed and withdrawn from. .

At the sametime, the plaintiff, Hadley Macpherson, and the plaintiff Loyal Egan, had come down with the flu in the week prior to the May 14, 2004 deadline, which then became acute bronchitis and sinusitis, and both have been sick these last two weeks. Documentary proofs of the illness of both parties is referenced further in this document, and attached as Exhibits.

The plaintiff was unable due to that sickness to even retrieve her daughter from Davidson College before it closed. Rachel Egan was made to wait a week off campus before the plaintiff could drive down. The plaintiff Hadley Macpherson is on five medications. (see proofs)

The plaintiff, Hadley Macpherson in the meantime had other documents due on May 15, 2004, in the case of 3:02CV1973 JCH, and filed medical necessity extensions with accompanying documentary proofs of the illnesses as exhibits to the Motions.

The first Motion for Extension due to medical necessity in the case of 3:02CV1973 JCH, was filed on Monday, May 17, 2004, the Monday following the Friday of May 14, 2004, when the plaintiff had filed her Amended Complaint in both this case and case # 3:02CV01555. (See Exhibit A – Motion of May 17, 2004 in case #3:02CV1973)

The second Motion for Extension due to medical necessity in the chase of #:02CV1973 JCH was filed on Friday, May 21, 2004.

The exhibits attached to that May 21, 2004 Motion for Extension evidence the plaintiff, Hadley Macpherson's illness, with the Physicians Discharge Sheet. (See Exhibit B – May 21, 2004, Motion for Extension and both Exhibits attached to it, in case #3:02CV1973.)

The third Motion for Extension was filed this day of June 2, 2004. (See Exhibit C – Motion for Extension dated June 2, 2004, in case #3:02CV1973 and accompanying exhibits)

The plaintiff has attached these three Motions for Extension in the unrelated case of 3:02CV1973, to evidence that the plaintiffs, Hadley Macpherson, and Loyal Egan have been sick since before the April 14, 2004 deadline, and that sickness has caused some delay in the filing of this present Motion for a Stay of Procedure and Stay of Responses.

Further, the June 2, 2004 Motion for Extension, labeled Exhibit C, in case #3:02CV1973 JCH, verifies that the plaintiffs attempted to file a Motion for Extension in that case, as well as the Motion's for Stay of Procedure, and Stay of Responses, on this past Friday,

May 28, 2004, but were denied access to the Federal District Courthouse because the security guards closed the building early due to the holiday.

The June 2, 2004 Motion for Extension, labeled Exhibit C, in case #3:02CV1973, and the five Exhibits, A – E, verify the plaintiff's attempt to file the Motions on Friday, May 28, 2004, as well as the physical illnesses of the plaintiffs with documentary proofs.

All Exhibits attached to this Motion, and all attachments to those exhibits, are incorporated into this Motion for Stay of Procedure and Stay of Responses.

The plaintiffs, with the knowledge they now hold, need to re-file their Amended Complaints in both this case #3:01CV1309, and in the case of #3:02CV01555, in their entirety.

The plaintiffs realize that before they can file a Request to Amend along with a new Amended Complaint, and must notify opposing attorney's of their Request to File an Amended Complaint..

Wherefore, the plaintiffs respectfully request this Stay of Process and Stay of Responses for 10 days, or any amount of time that the Court sees fit under the circumstances to prevent manifest injustice.

Respectfully Submitted,

Hadley Macpherson

P.O. Box 501, Lahaska PA

18931

# Certification

This is to certify that a copy of the foregoing Motions have been mailed./delivered ~~this~~ hand

day of June 2, 2004, to Attorney William Wade at  Robinson and Cole, Trumbull Street in

Hartford, Attorney William Sheehy, at Williams, Cooney and Sheehy, on Silver Lane in

Bridgeport, and Paul Egan at 44 Kendall Street in New Haven.



Respectfull Submitted

Hadley Macpherson

P.O. box 501

Lahaska Pa 18931

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

---

## AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | NO.  3:02CV1973  JCH |
| PLAINTIFF | |
| | |
| VS. | MAY 17, 2004 |
| | |
| DR. JOHN PERSING | MEMORANDUM OF LAW |
| and | IN OPPOSITION TO |
| YALE NEW HAVEN HOSPITAL | DEFENDANT'S MOTION |
| and | TO DISMISS |
| YALE UNIVERSITY | |
| DEFENDANTS | CIVIL ACTION |
| | |
| | JURY TRIAL DEMANDED |

# MOTION FOR EXTENSION OF TIME

The plaintiff, Hadley Macpherson, respectfully requests an extension of time by which to file her Memorandum of Law in response to the Defendant's Motion to Dismiss.

The Memorandum of Law was due on Saturday May 15, 2004.

The plaintiff, and her son, Loyal, have both been sick for the past week with the flu.

The plaintiff had other significant documents due on May 14, 2004, in the two other cases in this same District Court.

To complete all documents by the weekend, while being sick with the flu, was not possible.

Today is Saturday, May 15, 2004, and so the plaintiff, Hadley Macpherson, is unable to reach counsel for the other side to ask if they have any objection to a five day extension of time to file the opposing Memorandum of Law to their latest Motion to Dismiss.

However, Attorney Penny Seaman had indicated to me in the past, they would never be opposed to any extensions of time that I might request.

The plaintiff is therefore under the belief, that Attorney Seaman would not be opposed to this Motion.

The plaintiff is physically driving this Motion for Extension of Time up to the Courthouse on the morning of Monday May 17, 2004, so that it will arrive by the deadline.

Since the Motion has to be typed before she left that morning, their was still no opportunity to request the extension from the other side.

Driving the Motion for Extension of Time will in itself be physically demanding while being sick.

**Wherefore**, the plaintiff, Hadley Macpherson, respectfully requests an extension of time

of five days, by which to file her Memorandum of Law, to be brought in by Thursday, May 20,

2004.

Respectfully Submitted,

_____

Hadley Macpherson, (Egan)
P.O. Box 501
Lahaska, Pennsylvania
18931
(215) 325 - 1001

# <u>CERTIFICATION</u>

This is to certify that a copy of the foregoing has been mailed this

day, May 17, 2004, to Attorney Penny Seaman, of Wiggins and Dana, 265 Church Street, P.O.

Box 1832, New Haven Connecticut, 06508 - 1832..

Plaintiff Pro Se

_____

Hadley Macpherson
P.O. Box 501
Lahaska, PA   18931
(215) 325 -1001



# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

### AT BRIDGEPORT

| | |
|---|---|
| **HADLEY MACPHERSON (EGAN)** | **NO.  3:02CV1973  JCH** |
| PLAINTIFF | |
| **VS.** | **MAY 21, 2004** |
| **DR. JOHN PERSING** | **MEMORANDUM OF LAW** |
| **and** | **IN OPPOSITION TO** |
| **YALE NEW HAVEN HOSPITAL** | **DEFENDANT'S MOTION** |
| **and** | **TO DISMISS** |
| **YALE UNIVERSITY** | |
| DEFENDANTS | **CIVIL ACTION** |
| | **JURY TRIAL DEMANDED** |

# MOTION FOR EXTENSION OF TIME

The plaintiff, Hadley Macpherson, respectfully requests an extension of time by which to file her Memorandum of Law in response to the Defendant's Motion to Dismiss.

The Memorandum of Law was due on Saturday May 15, 2004.

The plaintiff, and her son, Loyal, have both been sick for the past two weeks.

The plaintiff filed a Motion for Extension on Monday, May 17, 2004, requesting that she be given until Thursday May 20, 2004 to file the Memorandum of Law in Opposition to the Defendant's Motion to Dismiss.

On Tuesday, May 18, 2004, the plaintiff, Hadley Macpherson, went to the doctor, and was diagnosed with

"acute bronchitis with reactive airway, as well as acute sinusitis"

(see attached verification from the physician., exhibit A).

The physician prescribed four prescription medications for the plaintiff, Hadley Macpherson, one of which causes drowsiness. The physician instructed that the plaintiff must rest as her condition was very near to pneumonia.

The plaintiff, Hadley Macpherson, mailed a copy of the attached Exhibit A to the defendant's immediately after the physician's appointment on Tuesday, May 18, 2004, along with a handwritten note explaining the circumstance and the reason for the delay. (see attached letter to Attorney Penny Seaman, Exhibit B)

As of this day, May 21, 2004, the plaintiff, Hadley Macpherson, has not been physically

able to complete her Memorandum of Law.   The plaintiff is not only still very sick, but the medication prescribed by the physician has succeeded in making the plaintiff drowsy and extremely nauseas.

Further, the plaintiff has other significant documents due in the two other cases in this same District Court.  As a result of the physical condition described above, the plaintiff has been attempting to complete subsequent portions to those documents under the same physical burden, as well as take care of her son who is also sick.

Finally, the plaintiff, Hadley Macpherson, must drive to North Carolina on Sunday, May 23, 2004, to retrieve her daughter, Rachel Egan, a freshman, from Davidson College.

The plaintiff is a single mother, and Rachel Egan has no way home but for the plaintiff to make the drive and pick her up, which is 22 hours round trip, and cannot be done without a days rest before returning home..

The campus is already closed, and because of the plaintiff's sickness, Rachel Egan has been waiting off campus for over a week until the plaintiff was fit enough to make the trip down. possible.  The plaintiff is making the drive back on Tuesday, May 25, 2004.

The plaintiff attempted to speak to opposing counsel, Penny Seaman, to ask if she has objection to this Motion.  However, Attorney Penny Seaman is out of the office this day of Friday, May 21, 2004, at depositions, and her associate, Attorney Bonnie Patten, does not work on Fridays, so is not available to speak to either.

The plaintiff asked Attorney Penny Seaman's secretary if anyone else was available to speak for them in this matter, but there is no one who can do so.  The plaintiff therefore read her Motion for Extension of Time aloud into Attorney Penny Seaman's voicemail, but an answer will not be available before the plaintiff must file this Extension.

Wherefore, the plaintiff, Hadley Macpherson, is requesting that she be granted an Extension of Time to Friday, May 28, 2004, by which to file her Memorandum of Law, or any amount of time the Court finds is reasonable to prevent manifest injustice.

Respectfully Submitted,

_____

Hadley Macpherson, (Egan)

P.O. Box 501

Lahaska, Pennsylvania,

18931

(215) 325 - 1001

# **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed this

day, May 21, 2004, to Attorney Penny Seaman, of Wiggins and Dana, 265 Church Street, P.O.

Box 1832, New Haven Connecticut, 06508 - 1832..

Plaintiff Pro Se

_____

Hadley Macpherson
P.O. Box 501
Lahaska, PA   18931
(215) 325 -1001

THE FREE CLINIC OF DOYLESTOWN
**Discharge Instruction Sheet**

Patient Name: _Hadley Mac Pherson_        Date: _5/18/04_

Diagnosis: _Acute Bronchitis with reactive airway_
_Acute Sinusitis_
_____
_____

Treatment/Precautions: _Steam showers. Vaporizer in home_
_Drink fluids, juices hydrate self_
_Tea with lemon + honey, Chicken soup_
_____
_____

Medications:

- ☐ Continue with current medications.
- ☐ New medication ordered - follow as directed.
- ☐ Other: _Zithromax 500mg daily X 6 days_
  _Albuterol 2 puffs every 6 hours_

Follow up Care: _Pannaz 1 pill am + pm ) with big glass water_
_Mucinex 1 pill am + pm )_

- ☐ Return to Clinic for re-check.
- ☑ Return to Clinic as needed.
- ☐ Need referral to physician's office.
- ☐ Other: _____
  _____

***Please call The Free Clinic at 345-2260, if you have any questions.***

Physician _Amy Kuelmswoms_

Nurse _____

Re:

3:02 CV 1973 JCI

To Wiggins & Dana

Dear Attorney Seaman & Attorney Patten,

I filed this Motion on Monday Morning in Bridgeport and drove home.

I was not able to see the doctor until today as it is a clinic.

I did not mail you this Motion until today Tuesday May 18, 2004, so that I could include proof of the illness should there be any doubt.

I will be forwarding a copy of the doctor's assessment to the Court so that Judge Hall will see it also.

I apologize for the delay and have done my best to verify the need for the 5 day extension requested.

Had I not filed the Motion for Extension until tomorro, it would have been too many days late, so I had to file it first, and then get the doctor's assessment form later.

Again, this was not done as a deliberate way to send you documents late.

I hope this was not a problem.

Respectfully,
Hadley Macpherson (Ego



# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

## AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | NO.   3:02CV1973 JCH |
| PLAINTIFF | |
| VS. | JUNE 2, 2004 |
| DR. JOHN PERSING | REQUEST FOR |
| and | EXTENSION OF TIME |
| YALE NEW HAVEN HOSPITAL | |
| and | CIVIL ACTION |
| YALE UNIVERSITY | |
| DEFENDANTS | |
| | JURY TRIAL DEMANDED |

# REQUEST FOR EXTENSION OF TIME

The plaintiff, Hadley Macpherson, respectfully requests and Extension of Time to submit her Memorandum of Law in response to the defendant's Motion to Dismiss.

The plaintiff was given until this past Friday, May 28, 2004 to submit her Memorandum of Law.

The plaintiff had previously requested the date of Friday, May 28, 2004, because she thought she would be driving back from North Carolina on Tuesday, May 25, 2004, having driven down to North Carolina on Sunday, May 25, 2004.  The drive down however, took longer than expected, as the plaintiff was sick from the illness, and had to take breaks to sleep.  The drive back was worse in that the plaintiff was more exhausted, as well as hit thunder storms, which necessitated sleeping in the car at a rest stop in Maryland on the evening of Tuesday, May 25, 2004, and not returning home until 11:00, am. Wednesday, May 26, 2004.

The vehicle that the plaintiff was driving was not her own, and the plaintiff's daughter, Rachel Egan, did not have permission to drive the vehicle on the journey, so she could not take over, particularly in high risk weather.

When the plaintiff had returned home, she attempted to finish the document as well as the others overdue in the other two cases, but was still very sick, and now exhausted from the trip.

The plaintiff's son, Loyal Egan, who had also gone on the trip, was now also physically worse from the virus that he himself had been combatting along with the plaintiff. Further, the length of drive in the car exacerbated his Dystonia, causing him to suffer more

discomfort from the tightness and cramping in his back and legs.

Unable to meet the deadline of Friday, May 28, 2004, the plaintiff, Hadley Macpherson, attempted to file this motion for Extension of Time, on the deadline date of Friday, May, 28, 2004, so that it would be filed before the time date had elapsed.

The plaintiff, too sick and exhausted to drive up safely herself, had a friend drive her up to the District Courthouse in Bridgeport, on Friday, May 28, 2004.

The plaintiff and her friend did not cross the Tappenzee Bridge until 3:14 p.m.. due to the holiday traffic which they had hit when they crossed into New Jersey from Pennsylvania earlier that day. (see Exhibit A. - Tappenzee Toll Receipt - date and time)

The plaintiff, and her friend, did not reach the District Courthouse on Lafayette Street in Bridgeport, until 4:55 p.m.. The plaintiff knows the time exactly and accurately because she was frantically listening to the news radio time, as a result of the traffic jams which had resulted from everyone leaving early for the holiday weekend.

When the plaintiff pulled up in front of the District Courthouse on Lafayette Street, in Bridgeport, at 4:55, she ran for the front doors, only to find them prematurely locked.

The plaintiff could see a female guard inside the courthouse, who had a spray bottle in her hand and paper towel, and who was washing down all of the surfaces to the metal detectors and desk areas.

The plaintiff, realizing now that they had locked the door early as a result of the holiday, knocked to get the guards attention so that she could be let in to file her document upstairs in the file stamp box, as it was not yet 5:00 p.m., and she was entitled to do so until that time.

The female security guard ignored the plaintiff's knocks.

The plaintiff knocked again and attempted to call to the guard, stating that it was not yet 5:00.   The guard looked over at the plaintiff and kept spraying the desk areas.

The plaintiff saw another guard walk by in the lobby and knocked again, thinking he might respond, at which time, the female guard came over and opened the door.

When the guard opened the door, she did not give the plaintiff a chance to speak but only said "You have to come back on Tuesday morning", and immediately closed and locked the door again.

The plaintiff, unable respond back, and thinking that if the guard realized that that the plaintiff had driven from Pennsylvania, and only wanted to drop the envelope in the box, knocked again.

The female guard who had gone back to spraying, continued to not respond.

Shortly thereafter, people came down the elevators and needed to leave the building, so the guard walked over to the doors to let them out.  When she opened them, and the people came out, the plaintiff attempted to speak to the guard, saying that the doors had been closed early, that she had driven from Pennsylvania,  and that she just needed to drop the envelope in the file box outside the clerk's office.

The guard told the plaintiff "If you don't leave now, I'm going to call the Bridgeport Police"

The plaintiff, shocked by the words, and immediately aware that she could be accused of some crime when she had done nothing but attempt to request to enter a Federal Building within its legal business hours, immediately pleaded to the guard not to take any police action, as the plaintiff had intended no harm, and was now leaving.

The plaintiff immediately went back to the car where her friend was waiting and

they started for home.  After a few minutes the plaintiff realized that she would need proof of her

having been to the District Courthouse that day at 5:00, so they turned the car around and went to

the Dunkin Donuts on Lafayette Street in Bridgeport, and ordered coffee, receiving a printed

reciept with a date and time stamped on it.

However, the cash register date and time mechanism was broken, so the date and

time printed incorrectly.  When the plaintiff spoke to the manager who was her waitress,

regarding the date and time being incorrect, the manager personally signed the back of the

receipt, and personally wrote the correct date and time, as she read it by the clock.  The manager,

Dorothy Rosado, whose name is on the Dunkin Donuts receipt, can verify that the plaintiff and

her friend was there at just after 5:00 p.m. on Friday, May 28, 2004.   (Exhibit B - Dunkin

Donuts Receipt)

Over the course of the weekend, the plaintiff and her son were both still not well.

The plaintiff knew she was seeing the doctor on Tuesday June 1, 2004, and the plaintiff's son,

Loyal Egan, needed to have an appointment at his physician as well on Tuesday, June 1, 2004, so

the plaintiff knew she could not drive this motion up to Connecticut on Tuesday June 1, 2004..

(See Exhibit C - Appointment Card)

And as Saturday, May 29, 2004, and Monday, May 31, 2004, there was no

opportunity to see the doctors, due to the holiday weekend, and free up Tuesday to make the

drive..

On Tuesday, June 1, 2004, the plaintiff saw her physician.  (See Exhibit D -

Physician's Discharge Instructions Sheet)

As evidenced by the Discharge Instruction Sheet, the plaintiff's bronchitis is

better, but the acute sinus infection and resultant cough, headache, and congestion, is not.

The plaintiff had refrained from taking the supplementary prescription medication that accompanied the antibiotics, as it had made her too drowsy and unsafe to do the drive to and from North Carolina, and too drowsy to do the work necessary for the completion of her oppositional documents.

At the appointment on Tuesday, June 1, 2004, the plaintiff's physician admonished her for not taking all of the medications, and clearly stated that she would not be able to get better unless she takes the one that causes drowsiness. The plaintiff was sent home with another medication added to the others.

Further, on Tuesday June 1, 2004, Loyal Egan was prescribed Doxycycline for his infection as well. (See Exhibit E - CVS prescription for Loyal Egan)

The plaintiff, Hadley Macpherson, is driving this motion for extension up on this day of Wednesday, June 2, 2004, so that no more loss of time is suffered by having it mailed, and the Court thinking that she is not intending to respond.

The plaintiff fully intends to submit her Memorandum of Law in appropriate form, and with appropriate argument.


Finally, the plaintiff wishes to state to the Court that though she arrived at the Courthouse at 4:55 on May 28, 2004, and was unfairly denied access to the file box, she never in any way threatened any personnel of the Courthouse, and in no way committed any aggressive or threatening act.

The conduct and words of the female guard was unwarranted and excessive.

Though the Federal Court is not responsible for holiday traffic, and is not duty bound to let people in after 5:00 pm., any person seeking access before that time of 5:00, should

not be denied that access.

Lawsuits are about deadlines.  If security guards are allowed to close the building early without warning, and deny access purely because they themselves would like to go home early on a holiday weekend, and therefore have less people to let out before they can do so, then that is a civil injustice, and hindrance to a litigants ability to exercise their due process rights.

If there is any question as to the events the plaintiff related, or taint on the plaintiff for what occurred on Friday, May 28, 2004,  the plaintiff respectfully requests that the Court view the videotape that must exist.   The video tape must have been running, and it can evidence the plaintiff's innocence of anything warranting a threat of police, as well as validate that the actual time that she reached and knocked at the door  was before 5:00 pm, and that the doors were locked by the guard prematurely.

The plaintiff  does not want, or deserve, any taint for what transpired, and would not want her case dismissed as a result of any unfair taint.


The plaintiff apologizes to the Court and the other parties for the delay in filing this motion for Extension of time, and for her delay in filing her Memorandum of Law. The plaintiff needs only a couple of days to rest and take the appropriate medication.


Wherefore, the plaintiff, respectfully requests an Extension of Time by which to file her Memorandum of Law.  The plaintiff will lose this day of Wednesday, June 2, 2004 by having to make the drive to get this Motion to the District Court today.  In order to meet a Friday deadline of June 4, 2004, the plaintiff would have to return home and complete the document and Fedex it out overnight on Thursday June 3, 2004.  The plaintiff cannot meet that, and take the

medication at the same time. The plaintiff is therefore requesting the date of Monday, June 7, 2004, by which to file her Memorandum of Law, or any amount of time the Court deems appropriate under the circumstances.

Respectfully Submitted,

_____

Hadley Macpherson

P.O. Box 501

Lahaska, PA 18931



Coll. #01260 LANE 06S
05/28/04 03:14:20pm
PLAZA TAPPAN ZEE ****
CLASS 01 CASH$ 3.00



Retain this receipt to support claim
for exemption from New York
State Truck Mileage Tax.



Retain this receipt to support claim
for exemption from New York
State Truck Mileage Tax.

```
THANK YOU FROM
DUNKIN DONUTS
HAVE A GREAT DAY

02/12/70           000003
#1095    4:13AM   REG #30003

P001068
L FL CF                   $1.99
P002192
   L HOT CH               $1.80
NOSE ST                   $3.79
TAX1                      $0.23

***TOTAL          $4.02
CASH             $20.00
CHANGE           $15.98
```

5/28/04
5:25 pm

Dorothy
Rosado
Dorothy
Rosado
manages

Exhibit C

**FREE CLINIC OF DOYLESTOWN**
**595 W. STATE STREET**
**DOYLESTOWN, PA 18901**

*You have an appointment*

with ___Pat_____

on ___June 1 Tuesday___ at ___2 PM___

**PLEASE CALL AT ONCE IF YOU WILL BE UNABLE TO
KEEP THIS APPOINTMENT. TWENTY-FOUR HOURS
ADVANCE NOTICE OF CANCELLATION IS REQUESTED.
PHONE: 215-345-2260**

# THE FREE CLINIC OF DOYLESTOWN
## Discharge Instruction Sheet

Patient Name: _Hadley MacPherson_     Date: _6/1/04_

Diagnosis: _Resolved bronchitis_

_Reactive airway acute 2° infection_

_Sinus congestion_

Treatment/Precautions: _Medication compliance!_

Medications:

☐ Continue with current medications.
☐ New medication ordered - follow as directed.
☐ Other: _Pannaz (green pill) 1 pill am + pm_ ⎫ _with lots water_
          _Mucinex (blue pill) 1 pill am + pm_ ⎭

Follow up Care: _Rhinocort Aqua 2 sprays each nostril daily_
         _Albuterol 2 puffs every 6 hours_

☑ Return to Clinic for re-check. _2 weeks after level 2 approved_
☐ Return to Clinic as needed.
☐ Need referral to physician's office.
☐ Other: _____

***Please call The Free Clinic at 345-2260, if you have any questions.***

Physician _Amy Peverih MSN CRNP_

Nurse _____

Exhibit E

**EG**
06-01-2004

**PROMISED: 03:00p**
06-01-2004
# Scripts: 01

CUSTOMER RECEIPT

**CVS/pharmacy®**  #6043  Ph:215.862-5917

302 WEST BRIDGE STREET
NEW HOPE, PA
18938-0000

EGAN,LOYAL
2567 STREET RD, LAHASKA, PA 18931-8081
Ph:215.794-9296          DOB:12-16-1998

**DOXYCYCLINE 100MG TABLET WAT**
DANBURY
TAKE 1 TABLET TWICE DAILY

NDC:00591-0488-50  Days Supply: 10  Refills: 0  **Qty:  20  TA**
Prscbr: KENDALL-BUNCE,B K
TP:  515      GR:
AUTH#30000075956483          BC OF CT

07 0292864 00 0000600

Date:06-01-2004      DAW:0
Rx:  292864 00

INS:          $.00

PAY:          $5.00

Caps:Y
Couns:N