# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

### AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | NO. 3:02CV1309 SRU |
| and | |
| RACHEL EGAN | JUNE 24, 2004 |
| and | |
| LOYAL EGAN | |
| PLAINTIFFS | CIVIL ACTION |
| VS. | |
| ATTORNEY JOHN BERMAN | |
| and | MOTION FOR |
| BERMAN, BOURNS & CURRIE, LLC | CONSOLIDATION |
| and | |
| BERMAN, BOURNS, AARON & DEMBO, LLC | |
| and | |
| PAUL EGAN | JURY DEMANDED |
| DEFENDANTS | |

## **MOTION FOR CONSOLIDATION**

The plaintiff, Hadley Macpherson, and child plaintiffs, Rachel Egan and Loyal Egan, respectfully request that this case, docket # 3:01CV1309 SRU be consolidated with case docket # 3:02CV01555 SRU.

Though the plaintiffs argued against consolidation of the two cases one year ago, the plaintiffs were, at that time, unaware of certain connections between the defendants, and of events involving the defendants which substantially bear on the basis for liability in both cases.

Due to the information discovered, the plaintiffs now know for a certainty that the two cases share much more in common than initially believed.

The defendants, Attorney John Berman, Attorney Sally Hodgdon, Paul Egan, The Communities' Law Center, Berman, Bourns, Courrie LLC, and Berman, Bourns, Aaron & Dembo LLC, acted in concert acted in concert to commit intentional tortuous acts against the plaintiffs, Hadley Macpherson, Rachel Egan, and Loyal Egan.

The facts and events involving the allegations against all defendants are now too numerous and too interwoven to litigate independently. The filings, responses, and eventual Trial would only cause an enormous amount of redundancy, and result in a waste of Court and Jury time and expense.

Further, the allegations against all defendants need to be combined in the plaintiffs future pleadings, or the plaintiffs cannot adequately make claim with specificity, given the nature of the allegations, and the seriousness of the allegations, unless the documents full disclose the actions of the other defendants.

To do so in separate documents puts a burden on the plaintiffs to say everything twice and yet from a different direction, when it is unnecessary, and can only cause confusion due to the number of allegations and events being averred.

The plaintiffs are filing an Amended Complaint against the defendants in both cases, in one single document, on June 27, 2004, since as the plaintiffs are bound by the rules to aver properly, and with specificity, the nature of the claims against the defendants requires them to be averred together in a single document.

Under the Federal Rules of Civil Procedure, Consolidation may be granted under the following Rule 42(a):

> "When actions involving a common question of law or fact are pending before the Court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therin as may tend to avoid unnecessary costs or delay."

Judicial Economy is a primary factor favoring consolidation [Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir), cert. Denied, 498 U.S. 920 (1990)], provided the risks of unfairness, prejudice, and confusion are not outweighed by the savings of time and expense resulting from consolidation [Malcolm v. National Gypsum Co., 995 F.2d 346, 350 (2nd Cir. 1993)].

In this case, the defendants in both cases are relieved from having to appear at each others Trials, and relieved of the necessity of paying the expense of having their counsel, and defense witnesses appear at both Trials.

Further, the witnesses in both cases, which are more than a few, are relieved from appearing twice and testifying to the same matters twice, if the two cases are consolidated.

Though the plaintiffs realize that the presence of more attorneys at the other table in one single case works to her detriment, the alternative of keeping the twp cases separate would work a greater detriment to the plaintiffs, in forcing them to prove everything twice, and having to secure every witness twice. That would only result in a financial burden to the plaintiffs, the defendants, the witnesses, the Court, and the jury.

Wherefore, the plaintiffs, Hadley Macpherson, Rachel Egan, and Loyal Egan, respectfully request that this case # 3:01CV1309 SRU be immediately consolidated with the case of # 3:02CV01555.

Respectfully Submitted,

_Rachel Egan_
Rachel Egan

_Hadley Macpherson_
Hadley Macpherson

P.O. Box 501

Lahaska, PA 18931

(215) 325 - 1001

_Loyal Egan_
Loyal Egan

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed this day June 24, 2004 to Attorney Edward Sheehy, of Williams, Cooney, and Sheehy, 799 Silver Lane, Trumbull, CT. 06611 - 0753, and Attorney William Wade, of Robinson and Cole, at 280 Trumbull Street, Hartford, CT, 06103-3597, and Paul Egan, P.O. Box 83, Centerbrook, CT, 06409.

Plaintiff, pro se

*Rachel Egan*
Rachel Egan, plaintiff

*Hadley Macpherson*
Hadley Macpherson

P.O. Box 501

Lahaska, PA 18931

*Loyal Egan*
Loyal Egan, plaintiff

(215) 325 - 1001