# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

FILED
2004 SEP 24 P 4:59
US DISTRICT COURT
BRIDGEPORT CT

## AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | NO. 3:02CV1309 SRU |
| and | |
| RACHEL EGAN | SEPTEMBER 23, 2004 |
| and | |
| LOYAL EGAN | |
| PLAINTIFFS | CIVIL ACTION |
| VS. | |
| ATTORNEY JOHN BERMAN | |
| and | |
| BERMAN, BOURNS & CURRIE, LLC | REQUEST TO |
| and | FILE OVERLONG |
| BERMAN, BOURNS, AARON & DEMBO, LLC | REPLY |
| and | |
| PAUL EGAN | |
| DEFENDANTS | |

## **REQUEST TO FILE OVERLONG REPLY**

## **TO DEFENDANTS OPPOSTION TO CONSOLIDATION**

The plaintiffs respectfully requests that they be allowed to exceed the 10 page limit when filing their Reply in Opposition to the Defendants Opposition to Consolidation.

The defendant's filed an Opposition to Consolidation based on 14 points which were all having to do with Procedure, and the filings that have occurred in this case.

The plaintiff contends that the number of point submitted by the defendant as the basis for their being granted the relief they seek are two numerous to adequately defend, and make legal argument against, within the confines of the 10 page limit set by the Federal Rules of Procedure, and the District of Connecticut Local rules.

The numerous reasons stated by the defendant as their basis for their Opposition to Consolidation require that the plaintiff answer each one independently, in order for her to not let any one of those reasons remain un-answered.

An unanswered averrment amounts to a plaintiff's acquiescence on that issue, and allows the Court to grant a defendant what they request merely because the plaintiff did not address all issues completely, and fully.

Further, under the Federal Rules, the Court is not required to go back and read all of the pleadings or Complaint to determine if the facts put forth by either side support either sides argument.

Therefore, a Reply must contain within its pages enough facts specific to the particular case to enable the Court to ascertain whether the has a reasonable connection to those facts, and can support the parties argument under those facts.

Therefore, the plaintiff needs to detail enough of the facts that surround the issues and events referred to by the defendants, and detail them with particularity, since the plaintiff cannot demand that the Court re-read all of the filings.

Without the extra pages allotted to her, the plaintiff is in danger of being denied her ability to withstand the defendant's Opposition to Consolidation, merely because the number of issues the defendants raised could not be adequately defended within the ten page limit.

The plaintiffs have written there Reply, and have tried to shorten it to the required ten page length, without success. To shorten it any further would be to allow an incomplete argument as to the questions and issues raised by the defendant's Motion to Dismiss.

Legal arguments needs to be sound, detailed, supported, and adequately cited in order for a Court to consider them.

A litigants ability to meet that standard should not be hindered or defeated merely because the number of allegations charged in one single document makes that task impossible to perform, to a reasonable standard of excellence, under a page limit that did not anticipate that number of allegations.

**Wherefore,** the plaintiff, Hadley Macpherson, respectfully requests that the Court allow her to submit her Reply in its overlong state.

Respectfully Submitted,

*Hadley Macpherson*
Hadley Macpherson

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed this day, September 23, 2004, to Attorney Jim Wade, of Robinson & Cole, at 280 Trumbull Street, Hartford, CT  06103 - 3597, and Paul Egan, at P.O. Box 83, Centerbrook, CT. 06409.


_____
Rachel Egan

_____
Loyal Egan

Plaintiff Pro Se

_____
Hadley Macpherson
P.O. Box 501
Lahaska, PA  18931
(215) 325 - 1001