

FILED

UNITED STATES DISTRICT COURT 2004 SEP 27 A 10:00

DISTRICT OF CONNECTICUT U.S. DISTRICT COURT
BRIDGEPORT, CONN.

## AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | NO. 3:02CV1309 SRU |
| and | |
| RACHEL EGAN | SEPTEMBER 23, 2004 |
| and | |
| LOYAL EGAN | |
| PLAINTIFFS | CIVIL ACTION |
| VS. | |
| ATTORNEY JOHN BERMAN | |
| and | REPLY TO |
| BERMAN, BOURNS & CURRIE, LLC | DEFENDANTS |
| and | MOTION IN |
| BERMAN, BOURNS, AARON & DEMBO, LLC | OPPOSITION TO |
| and | PLAINTIFFS MOTION |
| PAUL EGAN | TO CONSOLIDATE |
| DEFENDANTS | |

# REPLY TO DEFENDANT'S MOTION IN OPPOSITION TO

# PLAINTIFFS' MOTION TO CONSOLIDATE

In response to the defendants' motion entitled "Opposition to Plaintiffs' Motion to Consolidate", the plaintiffs submit the following Reply.

## A.    Plaintiffs' Responses to Defendants Averments

(Defendants' Page 1 Averments)

1.    Denied.

The plaintiffs filed this case on July 29, 2002, not on July 1, 2002, as averred by the defendants.

2.    Admitted in part. Denied in part.

On January 28, 2003, the defendants did file a Motion to Dismiss, but that Motion to Dismiss has since been denied as moot.

3.    Admitted in part. Denied in part.

On January 29, 2003, Attorney Edward Sheehy, representing defendant, Attorney Sally Hodgdon, in the case of # 3:01cv01555 did move to consolidate both cases, but that motion was not solely a motion for consolidation. Attorney Edward Sheehy filed a "Motion for Transfer and Consolidation", in an order to consolidate his case with this case of # 3:02cv1309, and have his case transferred from the District Court at Bridgeport up to the District Court at Hartford, where this case of # 3:02cv1309 was at that time then being heard.

1

(Defendants' Page 2 Averments)

4.      <u>Admitted in part.  Denied in part</u>.

Plaintiffs did not oppose "Hodgdon's motion to consolidate", but opposed Hodgdon's "Motion for Transfer and Consolidation". Further, though the Court, after deliberation, decided to deny Consolidation for the present time, it left the issue of Consolidation open, should common questions of law or fact later prove Consolidation to be necessary.

In anticipation of the necessity of future consolidation, this case of #3:02cv1309 was Transferred down to the District Court at Bridgeport, to the Honorable Judge Stefan Underhill, who already had the case of # 3:01cv01555, and the two cases have kept together ever since. On August 22, 2003, the two cases were administratively Transferred to the Honorable Judge Mark Kravitz, in the District Court at New Haven, and then on October 6, 2003, subsequently Transferred back to the Honorable Judge Stefan Underhill, in the District Court at Bridgeport, the decision to transfer them together, both times, being made by the Courts involved.

5.      <u>Affirmative Defense in section B of this Reply</u>.

6.      <u>Admitted.</u>

7.      <u>Affirmative Defense in section B of this Reply</u>.

8.      <u>Admitted in part. Denied in part</u>.

The plaintiffs filed a "Motion for Stay of Process and Stay of Responses", but not for the sole purpose of staying the <u>defendants from answering the allegations in the Amended Complaint.  The plaintiffs requested the stay of</u>

2

responses to allow the plaintiffs to amend the allegations in the Amended Complaint, due to the plaintiffs recent discovery of tortious conduct that had previously been fraudulently concealed from them by the defendants in the two cases of # 3:02cv1309 and # 3:01cv01555, and which concealment had prevented the plaintiffs until that time from knowing the full and true cause of action from which they were legally entitled to seek recovery.

9.     Admitted.

10.    Affirmative Defense in section B of this Reply.

11.    Affirmative Defense in section B of this Reply.

12.    Affirmative Defense in section B of this Reply.

(Defendants' Page 3 Averments)

13.    Affirmative Defense in section B of this Reply.

14.    Affirmative Defense in section B of this Reply.

**B.     Plaintiffs' Affirmative Defenses**

**1.     As to defendants averment # 5, on page 2 of their Opposition to Consolidation, the plaintiffs submit the following Affirmative Defense:**

The defendants attempt to support their Opposition to Consolidation by complaining of the number of extensions granted to the plaintiffs in the past, and using those extensions previously granted to cumulatively prejudice and defeat the plaintiffs attempt to Consolidate the cases now.

The plaintiffs contend that the number of extensions granted has nothing to do with the issue of Consolidation, the legitimacy of the plaintiffs' request to consolidate, or the necessity of Consolidation to facilitate judicial economy, and the ends of justice.

Further, even if the number of extensions granted could be used to defeat the plaintiffs request for Consolidation, the facts enumerated below prove that the defendants, through their own actions, waived their opportunity or right to complain of those extensions, or use those extensions against the plaintiffs in any cumulative f fashion.

The plaintiff, Hadley Macpherson, filed this case on July 29, 2002, and on that same date filed her appearance as a pro se.

On December 16, 2002, Attorney Kevin Majewski, of Robinson and Cole, filed his appearance for the defendants, Attorney John Berman, Berman, Bourns, & Currie, and Berman, Bourns, Aaron, and Dembo.

On January 6, 2003, Attorney Kevin Majewski, for the defendants in this case, filed a "Motion for Extension of Time to File Responsive Pleading", which was granted.

On January 28, 2003, Attorney Kevin Majewski, then filed a "Motion to Dismiss".

On January 29, 2003, Attorney Edward Sheehy, in the case of # 3:01cv01555 filed a "Motion to Transfer and Consolidate" his case which was at the District Court at Bridgeport, with this case of # 3:02cv1309, which was then at the District Court in Hartford.

On March 5, 2003, the plaintiffs filed an "Opposition to Transfer and Consolidation" in the case of #3:01cv01555.

On that same date of March 5, 2003, the plaintiffs filed a "Motion for Extension of Time" in this case of # 3:02cv1309, to allow for the decision of Transfer and Consolidation to be settled prior to their having to respond to the defendants Motion to Dismiss.

On April 14, 2003, the plaintiffs filed a Motion for Extension of Time in both this case of # 3:02cv1309 and the case of # 3:01cv01555 due to sudden news that the plaintiff, Loyal Egan, then 13 years old was, suffering from serious physical illness.

The plaintiff, Hadley Macpherson, as a pro se and single mother, in the face of that news, was unable to litigate.

That same week, the plaintiffs also received news that the defendant, Paul Egan, in this case of #3:02cv1309, had gone into the Superior Court at Hartford, on April 2, 2003, without Notice or Service to the plaintiffs, Hadley Macpherson, requesting premature Termination of the Child Support of the child plaintiff, Rachel Egan.

At that Hearing on April 2, 2003, in Superior Court, the judge who sat the Hearing, Judge Antonia Robaina, never asked where the plaintiff was, never asked why she was not present, and never asked whether she had been served.   Judge Antonio Robaina never mentioned her at all.

Judge Antonio Robaina went forward with the Hearing deliberately ex parte.

During that Hearing in Superior Court on April 2, 2003,  the defendant, Paul Egan, appeared without his attorney present, that being the defendant, Attorney John Berman in this case of # 3:02cv1309,  but argued on his and Attorney John Berman's behalf, as well as on the behalf of the defendant Attorney Sally Hodgdon in the case of # 3:01cv01555, and was allowed to complain without restraint of the events in these two

5

Federal cases which are at issue here now.

Judge Antonio Robaina listened to those complaints, and then at the defendant Paul Egan's request, read a handful of unknown letters and papers offered to it by the defendant, Paul Egan, without ever marking them as exhibits or entering them into the file as evidence.

After reading the unidentified and unknown documents, Judge Antonio Robaina handed the papers and letters back to Paul Egan, and immediately granted him the premature Termination of Child Support of the child plaintiff in this case, Rachel Egan.

Judge Antonio Robaina then went on to also offer to immediately modify the Child Support of Loyal Egan, though no Motion for Modification had been filed, though sua sponte Modification is illegal, and though the plaintiff, Hadley Macpherson could have no knowledge of the Modification as again she was not Noticed or Served, and was therefore not present to protect her own, or the child plaintiff, Loyal Egan's interests.

Judge Antonio Robaina, then, without any knowledge of the defendant, Paul Egan's income, and without making any inquiry as to the income of the defendant, Paul Egan, allowed the defendant, Paul Egan, to choose a figure out of thin air, that he thought he should pay for his remaining child, the child plaintiff in this case, Loyal Egan.

Judge Antonio Robaina then immediately granted that figure on the basis of no documentary or oral evidence that it was in any way the appropriate amount of Child Support entitled to the child plaintiff, Loyal Egan, under the law.

When the plaintiff, Hadley Macpherson, learned of the Hearing, and received the transcript that clearly evidenced that Judge Antonio Robaina had deliberately and consciously violated 22 state laws, and 13 Connecticut court rules, the plaintiff knew that

6

she would in no way receive a fair re-hearing if she appeared before him on a Motion to

Reopen or a Motion to Reconsider, and that in fact she and the two child plaintiffs in this

case would be in danger of losing more of their substantive rights if she were to appear

before that same judge, given his previous deliberately unethical behavior.

Therefore, the plaintiff, on April 30, 2003, filed an Appeal of the two Orders

issues on April 2, 2003, that being the premature illegal Termination of Child Support for

Rachel Egan, and the illegal sua sponte Modification of Child Support for Loyal Egan.

As a result of filing that Appeal, the plaintiffs requested an Extension of time in

this present case of # 3:02cv1309, and in the case of # 3:01cv01555, as the defendants in

this case used another Court to harm the plaintiffs, and to cause the plaintiffs, already

dealing with the sudden illness of the child plaintiff, Loyal Egan, to be suddenly be

thrown into an immediate unexpected financial crisis, one which would cause them to be

unable to pay their rent, and force the plaintiff to now have to write an Appellate Brief in

order to undo the illegal Orders issued on April 2, 2003.

During the nine months that followed, the plaintiffs continued to file numerous

extensions in both this case # 3:02cv1309 and case #3:01cv01555, due to the continuing

seriousness of the plaintiff, Loyal Egan's physical condition, the news of which was

increasing in a negative way, and the responsibility and necessity of the plaintiff, Hadley

Macpherson's completion of the Appellate Brief in the appellate case known as AC24175

The Court granted all of those Motions for Extensions of Time, without

opposition from the defendants in either of the two cases known as # 3:02cv1309 and

# 3:01cv01555, and without prejudice to the plaintiffs..

The attorney for the defendants in this case of # 3:02cv1309, Attorney Kevin

Majewski, <u>never objected to, or opposed, any</u> of the plaintiffs' Motions for Extensions of <u>Time</u>, given the legitimate circumstances under which they were requested.

The attorney for the defendant, Attorney Sally Hodgdon, in case # 3:01cv01555, Attorney Edward Sheehy, <u>never objected to, or opposed, any of the plaintiffs Motions for Extension of Time</u>, given the legitimate circumstances under which they were requested.

In stating <u>no objections</u> to those Motions for Extensions of Time, and filing <u>no Motions in Opposition</u> to the plaintiffs requests for extension of time, the defendants in both of the two cases <u>agreed to the granting of those extensions of time</u>, and therefore <u>agreed that the basis on which they were requested was valid and worthy of the extra time that the plaintiffs were ultimately granted.</u>

Had they <u>not</u> agreed with the basis on which those extensions were asked for, <u>they would have objected to them</u> out of their duty to their clients to pursue their case with due diligence.

In so agreeing to those extensions, the defendants in both cases <u>permanently lost or waived, all right to oppose, or complain of, the granting of those extensions, or the basis on which they were granted, in the future.</u>

On March 15, 2004, Attorney Kevin Majewski withdrew his Appearance from this case, and Attorney David Samuels filed his appearance, again for Robinson and Cole.

Attorney David Samuels having now taken over this case of # 3:02cv1309, himself <u>made no objection to any of the plaintiffs requests for Extension of Time either</u>.

On April 14, 2004, a telephone conference call was held with all plaintiffs and defendants represented in this present case of # 3:02cv1309, before the Honorable

Judge Stefan Underhill.

During that conference call, Attorney William Wade identified himself on the telephone, but when asked by the Court whether he had filed an Appearance in the case, Attorney William Wade stated that he had not, but that he was familiar with the case, and wanted to be in on the telephone conversation.

The Court, during that conference call on April 14, 2004, discussed the status of the case, and granted the plaintiffs the legal right to file their Amended Complaint on May 14, 2004.

After the Court designated the date of May 14, 2004, as the date by which the plaintiffs should have their Amended Complaint filed, Attorney William Wade made a comment as to the length of time that the case had gone on, stating that the defendant Attorney John Berman had been forced to take out extra insurance due to the delays, but Attorney Wade made no objection to the extension being granted, and certainly no formal or legal objection.

The comment made by Attorney William Wade, during that conversation, was not allowed to be considered, as again, Attorney William Wade, on that date, was not in fact an attorney for the defendants in this case at the time that he made the comment, but only a self-described observer.

During that conference call on April 14, 2004, Attorney David Samuels, the actual attorney of record for the defendant, Attorney John Berman, et al, in this case, did not speak at all but remained silent, and therefore made no objection to the Orders, or Extension of Time, that was granted to the plaintiffs on that date.

In stating no objection to the Courts granting of May 14, 2004, as a date by which

9

the plaintiffs could file their Amended Complaint, Attorney David Samuels <u>agreed to that</u> <u>Extension of Time</u>, and <u>agreed that the basis on which it was requested was valid and</u> <u>worthy of the extra time that the plaintiffs were ultimately granted,</u>

Had they <u>not</u> agreed with the basis on which that extension was asked for, and granted, <u>they would have objected to them</u> out of their duty to their clients to pursue their case with of due diligence.

In so agreeing to that extension of time, the defendants in this case <u>permanently</u> <u>lost, or waived, all right to oppose, or complain of the granting of that extension of time,</u> <u>on April 14, 2004, or the basis on which it was granted, in the future.</u>.

On April 16, 2004, Attorney William Wade filed his appearance in this case.

Attorney Wade, having now taken over this case of # 3:02cv1309,  himself <u>made</u> <u>no objection to the April 14, 2004, Order for extension of time for the plaintiffs to file</u> <u>their Amended Complaint</u>.

Attorney William Wade. in his Opposition to Consolidation, complains of the numerous extensions of time previously requested and granted to the plaintiffs, and attempts to use those requests for extensions of time to now defeat the plaintiffs Motion for Consolidation, and their ability to file a consolidated Amended Complaint.

However, Attorney William Wade's argument as to the number of extensions previously granted by the Court <u>is legally moot</u>, as neither he, nor Attorney David Samuels, nor Attorney Keven Majewski ever opposed any of the plaintiffs' Motions for Extensions in the past, and in not opposing those request for extension,  agreed with those extensions back when they were granted.

As a result, Attorney William Wade <u>cannot now use those extensions of time</u>

10

previously granted to the plaintiffs, and granted without prejudice to the plaintiffs, to cumulatively prejudice the plaintiffs' attempt to file a consolidated Amended Complaint now, when each individual request for extension of time, was never opposed, and never complained of, back when it was asked for and granted.

An Extension of Time allows grace to a party to file a pleading with no prejudice attached that filing, and no prejudice attached to the party's case who sought the extension..

Therefore, if no prejudice was attached at the time of the granting of the Extensions in the past, then the defendants cannot now use those Extensions of Time as a weapon against the plaintiffs when they were granted that time graciously by the Court, without prejudice, and without opposition or complaint from anyone.

Finally, when acts of Fraudulent Non-disclosure and Fraudulent Concealment are committed by defendants in order to prevent plaintiffs from ever knowing the true and full basis of their cause of action, plaintiffs have a legal right to re-file an Amended Complaint so as to include all tortuous acts now known of, against all defendants now known of, with the statute of limitations now tolling from the date of the discovery of the information that was fraudulently non-disclosed and fraudulently concealed, else the defendants reap reward for their Fraud.

The number of previous Extensions granted is moot upon discovery of a Fraud, particularly if the Fraud was designed and perpetuated by the defendants to keep the plaintiffs in the dark, and cause them, with or without extensions, to be wasting what little time, energy, and funds they had.

11

**2.**    **As to defendants averment # 7, on page 2 of their Opposition to Consolidation, the plaintiffs submit the following Affirmative Defense:**

The defendants complain that the plaintiffs Amended Complaint filed on May 14, 2004, did not Comply with Federal Rules of Procedure, and attempt to use that procedural defect to defeat and prejudice the plaintiffs ability to be granted Consolidation of the two cases.

The plaintiffs contend that defect in the format of a filing has nothing to do with the issue of Consolidation, the legitimacy of the plaintiffs' request to consolidate, or the necessity of Consolidation to facilitate judicial economy, and the ends of justice.

Further the plaintiffs contend that under the facts enumerated below, the defendants were responsible for the filing defect, and that the plaintiffs should therefore not suffer prejudice from that defect, by having it used against them.

On May 14, 2004, the plaintiffs, Hadley Macpherson, Loyal Egan, and Rachel Egan, filed their Amended Complaints in both this case of # 3:02cv1309 and the case of # 3:01cv01555.

The plaintiffs made clear in their "Motion for Stay of Process and Stay of Responses", that the reason the Amended Complaint was submitted in the format that it was, was that the plaintiffs had just learned that the defendants had engaged in acts of Fraudulent Concealment and Fraudulent Non-Disclosure which had kept them from knowing or ascertaining the full and complete nature of their cause of action against the defendants.

As a result, the plaintiffs were seriously hindered in their ability to turn in an Amended Complaint by the date of May 14, 2004, that would fully and accurately aver

the tortious conduct of the defendants, conduct only just learned of,.

To continue to aver against each defendant as if not now in possession of the new knowledge, would not only have been to the plaintiffs detriment, but would have made such averments inaccurate in light of the plaintiffs new knowledge that the defendants in the cases of # 3:02cv1309 and # 3:01cv01555 had not only acted in concert to commit the tortious acts already known of, but also acted in concert to commit tortious acts previously not known of but that were now newly discovered..

The entire nature of the cause of action was changed in light of the plaintiffs new knowledge, and the allegations against each defendant in the two cases now intertwined with each other, yet with the immediate date of May 14, 2004 looming, by which to submit the Amended Complaint, there was no time to aver properly all of the allegations against the defendants in the two cases, as the plaintiffs now knew those allegations to be.

The plaintiffs attempted to comply with the May 14, 2004 deadline, knowing they would immediately have to seek permission for another extension of time to Amend the Complaint once more, so that all of the combined tortious conduct committed by the defendants in the two cases could be accurately and truthfully averred against all defendants.

Though the defendants complain that the plaintiffs May 14, 2004 Amended Complaint was not submitted in proper compliance with the Federal Rules of Civil Procedure, if the plaintiffs failure was induced by acts of Fraudulent Concealment and Fraudulent Non-disclosure on the part of the defendants, then the plaintiffs should not be prejudiced for their inability to catch up with the cheat, or properly aver within a time frame, and a deadline, that did not anticipate the cheat.

13

To deny the plaintiff their ability to Consolidate because of their inability to aver properly upon discovering a Fraud committed against them, a Fraud committed with the intent of prevent them from knowing <u>in time</u> the full nature of the wrongs committed against them, would be to reward the defendants for the cleverness of their cheat, and volume of their wrongs committed.

3.    <u>As to defendants averment # 10 on page 2 of their Opposition to Consolidation, the plaintiffs submit the following Affirmative Defense:</u>

The defendants complain that on June 24, 2004, the plaintiffs filed a Motion to Consolidate rather than an Amended Complaint, and attempt to use that alternative filing to defeat and prejudice the plaintiffs request for Consolidation of the two cases.

The plaintiffs contend that the filing of the "Motion for Consolidation" rather than the filing of the Amended Complaint, has nothing to do with the issue of Consolidation, the legitimacy of the plaintiffs' request to consolidate, or the necessity of Consolidation to facilitate judicial economy , and the ends of justice.

Further the plaintiffs contend that under the facts enumerated below, the defendants were responsible for the filing defect, and the plaintiffs therefore should not suffer prejudice from that defect, by having it used against them.

On June 14, 2004, in light of the plaintiffs claim that the defendants in the two cases of # 3:02cv1309 and # 3:01cv01555 had committed acts of Fraudulent Non-Disclosure and Fraudulent Concealment to prevent the plaintiffs from knowing until now the full nature of the torts committed against them, and therefore the true nature of their cause of action to which they were entitled to recovery, the Court granted the plaintiffs

14

Motion for Stay of Process and Stay of Responses, allowing the plaintiffs to re-file their Amended Complaint so as to include the allegations that had previously been hidden from them by the defendants' joint and conspiratorial deceit.

.        That "Motion for Stay of Process and Stay of Responses" had been filed by the plaintiffs, on June 2, 2004.

Attorney William Wade, and Attorney David Samuels, for the defendants in this case of # 3:02cv1309, <u>chose not to respond</u> to the plaintiffs "Motion for Stay of Process and Stay of Responses", though they had the opportunity to, <u>but remained silent in the face of that Motion, and silent as to the allegations contained in that Motion, which allegations were the basis for</u> the plaintiffs' requests for a Stay so to enable them to file an Amended Complaint.

In choosing not to file <u>any</u> Objection or Opposition to the plaintiffs Motion for Stay of Process and Stay of Responses, Attorney William Wade, and  Attorney David Samuels, for the defendants in this case, <u> agreed to the plaintiffs request for a Stay of Responses and Stay of Process so as to allow the plaintiffs to file an Amended Complaint</u>

Further, in choosing not to respond, Attorney William Wade and Attorney David Samuels, agreed with the plaintiffs requests for a Stay so as to file an Amended Complaint on the plaintiffs <u>stated  basis of Fraudulent Non-Disclosure and Fraudulent Concealment</u>, as those were the <u>stated allegations supporting the</u> plaintiff's request in the motion, <u>which allegations were left completely uncontested by the defendants' silence.</u>

In doing so, the defendants <u>not only agreed to the plaintiffs filing of an Amended Complaint based on those allegations,</u> without reservation, without

15

challeng, and without investigation, but also <u>admitted</u> to those allegations.

Attorney William Wade's and Attorney David Samuel's, <u>lack of denial</u> as to the existence of an inappropriate connection between the defendants in both cases, and <u>lack of denial</u> that the defendants had committed acts of Fraudulent Non-Disclosure and Fraudulent Concealment which had prevented the plaintiffs from knowing the full basis of their true cause of action against the defendants in both cases, <u>was therefore a legal admission to the plaintiffs allegations that the defendants had in fact committed acts of Fraudulent Non-Disclosure and Fraudulent concealment which had prevented the plaintiffs from fully knowing the full basis of their true cause of action or their right to recovery against the defendants in both cases.</u>

That admission was confirmed by the fact that in the face of the plaintiffs allegations, Attorney Sheehy, for the defendant, Attorney Sally Hodgdon, in the case of #3:01cv01555 failed to the deny the allegations of Fraudulent Non-Disclosure, and Fraudulent Concealment as well.

On June 7, 2004, Attorney Edward Sheehy, for the defendant, Attorney Sally Hodgdon, filed an Objection to the plaintiffs' Motion for Stay of Process and Stay of Responses.

However, Attorney Edward Sheehy, in opposing the plaintiffs' Motion for Stay of Process and Stay of Responses, <u>never made any attempt to deny the existence of an inappropriate connection between the defendants in the two separate cases</u>, <u>never made a any attempt to deny that acts of Fraudulent Concealment and Fraudulent Non-Disclosure had been committed by the defendants in the two cases</u>, and <u>never made any attempt to deny that the defendants in the two cases had conspired to commit, and <u>did jointly</u></u>

16

commit, numerous of the tortious acts against the plaintiffs in those cases, the conspiracy of which, and the fraudulent concealment of which, had prevented the plaintiffs from knowing until recently the full basis of their cause of action against all defendants in the two cases.

Attorney Edward Sheehy's lack of denial as to the existence of an inappropriate connection between the defendants in both cases, and lack of denial that the defendants had committed acts of Fraudulent Non-Disclosure and Fraudulent Concealment which had prevented the plaintiffs from knowing the full basis of their true cause of action against the defendants in both cases, was therefore a legal admission to the plaintiffs allegations that the defendants had committed acts of Fraudulent Non-Disclosure and Fraudulent Concealment which had prevented the plaintiffs from fully knowing the full basis of their true cause of action or their right to recovery against the defendants in both cases.

Further, Attorney Edward Sheehy, in objecting to the plaintiffs Motion for Stay of Responses and Stay of Process, never addressed the issues of fraudulent non-disclosure, or fraudulent concealment in his Objection at all, and being completely silent as to the allegations, completely ignored the issues which were the basis of the plaintiffs request for Motion for Stay of Process and Motion for Stay of Responses and request to file another Amended Complaint.

In doing so, Attorney Edward Sheehy, representing the defendant, Attorney Sally Hodgdon, did not in fact properly oppose the plaintiffs Motion for Stay of Process and S Stay of Responses, as he did not contend the basis on which it was asked for..

Attorney Edward Sheehy, in his Objection to the Plaintiffs Motion or Stay of

17

Process and Stay of Responses, only complained of the numerous extensions given to the plaintiffs previously, and attempted to use those requests for extension to defeat the plaintiffs "Motion for Stay of Process and Stay of Responses", and their ability to file another Amended Complaint.

By completely ignoring the issues which were the stated basis of the plaintiffs request for their "Motion for Stay of Process and Motion for Stay of Responses", the defendants in this case of # 3:02cv1309, and the defendants in the case of # 3:01cv01555 not only permanently lost, or waived, their legal right to complain of or oppose the plaintiffs Motion for Stay of Process and Motion for Stay of Responses in the future, but also permanently lost, or waived, their right to oppose, or complain of, the basis on which the plaintiffs "Motion for Stay of Process and Stay of Responses" and request to file an Amended Complaint had been granted.

As the attorneys for the defendants in both this case # 3:02cv13209 and in case # 3:01cv01555 failed to ever attempt to deny the allegations of Fraudulent Non-Disclosure and Fraudulent Concealment, when they had the opportunity, they both therefore admitted through their silence that the basis for the plaintiffs' request to file an Amended Complaint was valid, and was validly premised on the conclusion that the defendants had acted in conspiratorial concert, a conspiratorial concert of action which would now require that the two cases be consolidated.

Therefore, the defendants, through their silence, having permanently lost their right to object to the plaintiffs request contained in their Motion for Stay of Process and Stay of Responses as to the filing of an Amended Complaint based on joint conspiratorial acts of Fraudulent Non-Disclosure and Fraudulent Concealment, could only now expect

18

that the two cases would be consolidated to serve the ends of Judicial Economy, and Justice.

The attorneys in both cases knew that under the Federal Rules of Civil Procedure, Consolidation may be granted under the following   Rule 42(a):

> "When actions involving a common question of law or fact are pending before the Court, it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay"

The attorneys in both cases knew that Judicial Economy is a primary factor favoring consolidation [Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir), cert. Denied, 498 U. 920 (1990)], provided the risks of unfairness, prejudice, and confusion would not be outweighed by the savings of time and expense resulting from consolidation.

In this present situation now before the Court, the representing attorneys in this case of # 3:02cv1309, and the case of # 3:01cv01555   could not have expected that in the face of the plaintiffs allegations of joint Fraudulent   Non-Disclosure of an inappropriate relationship between the defendants in the two cases, joint Fraudulent Concealment of that inappropriate relationship, joint Fraudulent Concealment of the full and true basis of the plaintiffs cause of action, and joint conspiratorial acts newly discovered, the defendants would have any legal right to keep the two cases separate when their resounding silence to the allegations admitted that they had deliberately acted as joint tortfeasors.

Further, the attorneys in both cases would have been no logical reason any more to keep the two cases separate, as to do so would only force that virtually all of the issues

19

would now be litigated twice over, a re-litigating that would not only incur double the expenses of subpoenaing every witness twice, and inconveniencing every witness twice, but which would result in an unnecessary financial burden being forced on the citizens who would sit the jury(s) in the two cases, as well as an unnecessary financial burden and inconvenience to the Court.

Therefore, when the plaintiffs made their Motion for Stay of Process and Stay of Responses, they had full intention of submitting an Amended Complaint alleging what they knew now to be the full and true cause of action, a cause of action which involved all defendants in both cases, and would therefore require that the Amended Complaint be a Consolidated Amended Complaint.

However, before the plaintiffs could file their consolidated Amended Complaint, the Court had phoned the plaintiffs home in Pennsylvania, and left a message there on the answering machine, a message that gave two separate deadline dates on which two separate Amended Complaints were to come in by, those dates being June 24, 2004, and June 28, 2004.

The plaintiffs were in North Carolina at the time that message was left, looking for a new home and school, due to the news on June 11, 2004, that the child plaintiff Loyal Egan's physical condition would not deteriorate at the same rate, and he would obtain some relief from the pain, if he were to immediately move to hotter climate

At the time that the plaintiffs left for North Carolina, no date had been set as of yet by which their Amended Complaint had to be in.

The Order of June 17, 2004, granting the plaintiffs Motion for Stay of Process and Stay of Responses had not contained any date within it by which the plaintiffs would have

20

known what their deadline was, nor would have realized that turning in one Consolidated Amended Complaint on one single date would have been a problem.

The previous Orders of the Court had been that the Amended Complaints in both of the cases be filed on May 14, 2004, a date which was the same exact date for both cases.

Therefore, when the plaintiffs filed their Motion for Stay of Process and Stay of Responses in both cases, the plaintiffs believed that they would be allowed to re-file their Amended Complaint, in both cases, on the same date again, and were caught unaware of the problem until it was too late to address by any other means than to file a Motion for Consolidation in both cases before the filing of any Amended Complaint against the defendants in the two cases.

As averred in their Letters to the Court dated July 7, 2004, letters submitted in both this case # 3:02cv1309 and the case of # 3:01cv01555, the plaintiffs were completely unaware of the confusion caused by the existence of the two dates until they returned home from North Carolina, as they themselves had no cell phone, have no personal access to the answering machine the message was left on, and there had been no Order from the Court delineating any exact dates one way or another, joint or separate, prior to their leaving for North Carolina, which would in any way have prepared the plaintiffs for the confusion and dilemma that was about to occur.

As averred in the two Letters to the Court dated July 7, 2004, the plaintiffs did not arrive back home until late in the evening of June 21, 2004, and did not hear the message on the answering machine until the morning of June 22, 2004.

Upon hearing the message, the plaintiffs knew they now needed to file a Motion

21

for Consolidation allowing them to file one consolidated Amended Complaint on one date.

Further, as the plaintiffs had been granted until June 28, 2004, to complete the Amended Complaint, to have to now try to complete it in a consolidated package, in just one day, to make the first deadline of June 24, 2004, would have been to deprive themselves of the time already granted to them by the date of June 28, 2004.

Yet conversely, without a Motion for Consolidation, if the plaintiffs failed to file the Amended Complaint by the first date of June 24, 2004, and take the time allotted to them by the phone message giving them until June 28, 2004, the plaintiffs would have been accused of missing the deadline of June 24, 2004.

Therefore, on June 23, 2004, the plaintiffs filed a Motion for Consolidation so that one formal date could be granted allowing the submission of the Amended Complaint to come in on one legitimate date that did not destroy itself by the existence of another legitimate date.

Under the facts above, the plaintiffs contend that they acted correctly.

The June 14, 2004 Order granting them the right to Amend their Complaints on the basis of joint conspiratorial Fraudulent Non-Disclosure and joint conspiratorial Fraudulent Concealment, by its very nature, allowed for the plaintiffs to file a Consolidated Amended Complaint as to include all acts of all defendants in the two cases which were now significantly entwined and could not therefore be treated separately.

It was only the problem of the two separate dates, dates that the plaintiffs were unaware of until they returned home on the virtual eve of one of the deadlines, that forced the plaintiffs to make a Motion for Consolidation instead.

22

The plaintiffs further contend that the defendants in both cases, having chosen to ignore and silently admit to the plaintiffs allegations of joint conspiratorial Fraudulent Concealment and joint conspiratorial Fraudulent Non-Disclosure, therefore agreed to Consolidation back when those allegations were made in the plaintiffs "Motion for Stay of Process and Stay of Responses", and cannot complain of the plaintiffs filing for the request for Consolidation prior to the filing of the Amended Complaint.

The defendants seek to take advantage of the fact that no single or multiple deadline date was ever listed on the two identical June 14, 2004, Orders which granted the plaintiffs their Stay of Process and Stay of Responses, and ability to amend their Complaint.

If the defendants are allowed to prevail on taking that advantage, then the issue of Consolidation was not decided on the facts or matters of law to be settled in the actual case, nor decided on the measure of convenience and expense to be incurred and then burdened on the witnesses, the jury, and the Court, but it will have been decided by the luck of the plaintiffs being in North Carolina when two separate dates were chosen and left on an answering machine.

Finally, had those two separate dates not been left on the answering machine, the plaintiffs should have had the legal right to file their Motion for Consolidation of the two cases prior to submitting their Amended Complaint anyway, if for no other reason than the volume of the allegations over the period of time they were committed, such volume as to result in the length of the previous Amended Complaints already submitted, warranted out of fairness, that the plaintiffs be able to combine their allegations in one single document rather than have to attempt to state everything twice, and from opposing

23

directions, the stating of which would have been daunting for any attorney with the aid of staff.

To have denied the plaintiffs that opportunity would have been to reward the defendants for their Fraudulent efforts, by forcing the plaintiff to perform double the work once their Fraud was found out.

**4.**   **As to defendants averment # 11 on page 2 of their Opposition to Consolidation, the plaintiffs submit the following Affirmative Defense:**

The plaintiffs have argued in both their "Motion for Stay of Process and Stay of Responses" and their "Motion for Consolidation", that after almost two-years new facts have become known that require the cases to be Consolidated.  The defendants however, contend that  "None of these facts have been shared."

The defendants attempt to use the plaintiffs' lack of greater specificity and detail to defeat and prejudice the plaintiffs ability to be granted Consolidation of the two cases.

The plaintiffs contend first, that the defendants statement is incorrect.  The plaintiffs did share some of those facts, and those are again enumerated below this section.

The plaintiffs contend secondly, that under the facts enumerated below, the defendants were responsible for the plaintiffs inability to disclose with greater specificity and detail, the total number of new facts that have come to light which entitled the plaintiffs to consolidate the two cases, and that therefore, the plaintiffs should not suffer prejudice for the defendants conduct.

The plaintiffs contend thirdly, that the facts below prove that the defendants,

through their own actions, <u>permanently lost, or waived their right to complain of the plaintiffs lack of specificity or detail</u> when it comes to the allegations of Fraudulent Non-Disclosure and Fraudulent Concealment.

The plaintiffs, in both their "Motion for Stay of Process and Stay of Responses" and there "Motion for Consolidation" argued that the defendants in both this case # 3:02cv1309 and # 3:01cv01555 had committed acts of Fraudulent Non-Disclosure, and Fraudulent Concealment which had prevented the plaintiffs from knowing the full nature of the tortious acts committed against them, as well as knowing that the defendants in the two cases had acted in concert to commit those tortious acts.

<u>Those allegations themselves are new facts discovered</u>, as the plaintiffs were clearly claiming that they had only just learned that the defendants, Attorney John Berman, in the case of # 3:02cv1309, and Attorney Sally Hodgdon, in the case of # 3:01cv01555, had fraudulently non-disclosed an inappropriate connection between them, which, as attorneys, they had a duty to disclose.

Further, the allegations that the defendants in both cases then fraudulently concealed their inappropriate connection, as well as fraudulently concealed the full nature of their joint tortious conduct, committed conspiratorially and in concert, <u>was also a fact newly discovered</u>.

Therefore, when the defendants, in their Opposition to Consolidation argue that "None of these new facts have been shared.", they are incorrect. Fraud, Fraudulent Non-Disclosure of an inappropriate connection between attorneys, Fraudulent Concealment, and Conspiracy to commit various Torts, are all causes of action able to be recovered for.

Further, it is understood by the nature of those new claims, that the defendants'

25

conspiratorial acts of Fraudulent Non-Disclosure, and Fraudulent Concealment, would

have <u>related to and therefore affected all of the other claims and averments previously</u>

<u>alleged in the two Amended Complaints previously filed in the two cases</u>.

As the plaintiffs stated in their "Motion to Consolidate"

> "The defendants, Attorney John Berman, Attorney Sally Hodgdon,
> Paul Egan, The Communities' Law Center, Berman, Bourns, Courrie
> LLC, and Berman, Bourns, Aaron & Dembo LLC, acted in concert acted
> in concert to commit intentional tortuous acts against the plaintiffs, Hadley
> Macpherson, Rachel Egan, and Loyal Egan."

> " The facts and events involving the allegations against all defendants are
> now too numerous and too interwoven to litigate independently. "

Therefore, the allegations involving the newly discovered facts <u>would have had</u>

<u>to be averred in a way which would have tied them into all of the separate allegations in</u>

<u>the plaintiffs' previously filed Amended Complaints,</u> in the two separate cases, or else the

allegations could not have been understood, and their impact on the previous allegations

not understood.

Further, the plaintiffs, could not have been able to fully enumerate all of the facts

that had been newly discovered as they were too numerous, and of such a serious and

complex nature, <u>particularly since alleged against attorneys</u>, that the <u>new facts and</u>

<u>allegations would have had to have been averred with specificity under the Rules</u>.

To do that would have brought the Motion for Consolidation to well over a

hundred pages, which would not have been allowed, and which would have, in actuality,

made the plaintiffs Motion for Consolidation nothing less than an entirely new Amended

Complaint.

Had the plaintiffs done that, the defendants would have cried foul, alleging that

the plaintiffs were really submitting a new consolidated Amended Complaint in the guise of a "Motion for Consolidation", without first filing an actual "Motion for Consolidation".

Though the defendants argue that the plaintiffs did not state enough facts to support their Motion for Consolidation, the plaintiffs should not be prejudiced against their ability to be granted Consolidation by the defendants expertise in committing and concealing such a volume of tortious acts, as to make the laying out of it in a Motion for Consolidation impossible to do within the rules, or within the limits and confines of a motion.

If as the plaintiffs allege, the defendants in the two cases did indeed commit Fraudulent Non-Disclosure, and Fraudulent Concealment, as well as numerous other newly discovered torts that by their nature are so serious that they need to be alleged with the utmost specificity in order to comply with the Rules, then to deny the plaintiffs Motion for Consolidation based on their inability to allege with specificity to any degree of appropriateness in a Motion for Consolidation would be to again reward the defendants for the cleverness of their cheat, and volume of their wrongs committed.

5.   **As to defendants averment # 12 on page 3 of their Opposition to Consolidation, the plaintiffs submit the following Affirmative Defense:**

The defendants attempt to support their Opposition to Consolidation by first stating that they "have expended much time and expense to defend this matter over the two year period", and by secondly stating that they have been "more than accommodating

27

to the plaintiffs with regards to their numerous extensions of time", and by stating third, that "Moreover, for the last year, Berman has defended this case with the understanding that the cases would not be consolidated, and prepared its defense accordingly."

As to the first issue -

The defendants contend that they have expended "much time and expense to defend this matter over the two year period, and that they would be "unfairly prejudiced if these cases were to be consolidated at this stage of the litigation."

The plaintiffs deny the validity of that statement.

The defendants have performed <u>no discovery</u> in this case as of yet, other than any internal discovery that the attorneys for the defendants would have done for the charges already made, which would not be wasted regardless of consolidation.

<u>The defendants have filed no Requests for Admissions, filed no Interrogatories, and have held no Depositions.</u>  The defendants have not even had to expend the energy to answer the allegations in the Amended Complaint as of yet, due to the granting of the plaintiffs "Motion for Stay of Process and Stay of Responses."

In fact, the defendants, have only filed four Motions since this case began, those being the following:

1.    "<u>Motion for Extension of Time to File Responsive Pleading</u>", filed on January 6, 2003.

2.    "<u>Motion to Dismiss</u>" filed on January 28, 2003.

3.    "<u>Motion for Extension of Time to Respond to Amended Complaint</u>" filed on June 1, 2004.

4.    "<u>Opposition to Consolidation</u>"  filed on July 13, 2004.

Further, <u>the defendants haven't expended any energy or expense in responding to</u> <u>any discovery done by the plaintiffs, as the plaintiffs have never requested anything in the</u> <u>way of discovery</u> in this case.  Any discovery done by the plaintiffs has been internal thus far.  The plaintiffs <u>have never served any Requests for Admissions, or Interrogatories on</u> <u>the defendants, and the plaintiffs have never held any depositions</u>.

Therefore, the defendants could not have expended much energy or expense in litigating their case thus far, and could not be prejudiced by consolidation at this stage of the litigation, as no discovery can be seen as having to be repeated, or wasted, since no discovery has as of yet taken place.

Further, the defendants are not prejudiced by the stage of litigation in the other case of # 3:01cv01555, as the defendants in that case have likewise performed no discovery as of yet in that case either.  The defendants in that case <u>have not filed any</u> <u>Requests for Admissions, Interrogatories, or held any depositions</u>.  Neither have the plaintiffs performed any discovery on the defendants in that case, and <u>have never served</u> <u>those defendants with any Requests for Admissions, Interrogatories, or held any</u> <u>depositions</u>.

The plaintiffs contend that the only prejudice to the defendants in either case should the two cases be consolidated, is the prejudice incurred by their own joint tortuous acts, which the defendants in both cases wish to minimize the magnitude of by maintaining the appearance that they acted independently of each other.  That is a prejudice that the plaintiffs are not responsible for, and should not be denied Consolidation in order to guard against.

29

As to the second issue -

The defendants, in complaining of the accommodation given to the plaintiffs as to the extensions of time granted to the plaintiffs in the past, the defendants attempt to use that the extensions previously granted to cumulatively prejudice and defeat the plaintiffs attempt to Consolidate the cases now.

The plaintiffs contend that the extensions granted has nothing to do with the issue of Consolidation, the legitimacy of the plaintiffs' request to consolidate, or the necessity of Consolidation to facilitate judicial economy, and the ends of justice.

Further, the plaintiffs contend that the facts previously alleged in <u>Affirmative</u> Defense number #1 in this document, (on page 5) prove that the defendants, through their own previous actions, waived that right to complain of those extensions, or use those extensions against the plaintiffs in any cumulative fashion now.

As to the third issue -

Attorney Wade and Attorney Samuels state that they have "defended this case with the understanding that the cases would not be consolidated, and that they have prepared their defense accordingly."

The defendants attempt to use their preparation of their case to defeat and prejudice the plaintiffs request for Consolidation of the two cases.

The plaintiffs contend that the amount and type of the defendants preparation can <u>only be used to defeat the issue of Consolidation if the preparation that the defendants performed under the facts and circumstances known to them at the time, was logical</u>.

If that preparation was done deliberately contrary to the facts and circumstances of the case, it could never have been done to serve the needs of judicial economy, or justice,

30

and therefore cannot be used to outweigh the needs of judicial economy, or justice now.

Attorney William Wade, Attorney David Samuels, and Attorney Kevin Majewski, were at all times <u>fully aware</u> of the existence of the case of # 3:01cv01555.

The attorneys named above, and the defendants they represent, were never given any assurance, implied or otherwise, that "the cases would not be consolidated".

In fact, in this case of # 3:02cv1309, the issue and possibility of consolidation <u>has never been discussed, addressed, or litigated at all.</u>

Therefore, if the attorneys in this case, named above, were mislead as to the issue and possibility of consolidation, it was because they were getting their information from Attorney Edward Sheehy, representing the defendants in the case of # 3:01cv01555.

That the attorneys in the two cases should have such a dependent relationship, and engage in such communication, speaks of the attorneys' knowledge that the cases are connected, and of the their knowledge that consolidation, under the facts and circumstances already known, was a very real possibility.

Further, in the case of # 3:01cv01555, the Court left the issue of Consolidation was left open to be decided in the future, if the facts of the two cases should cause Consolidation to be efficient and necessary.   (see plaintiffs' arguments in <u>item # 4</u> in section A of this Reply, on page 2, and <u>Affirmative Defense # 6</u> in section B of this Reply, on page 32 )

As a result,  it is illogical that the attorneys for the defendants in this case have prepared their defense "with the understanding that the cases would not be consolidated"

As stated earlier, the attorneys for the defendants in this case, have performed no discovery, made no Requests for Admission, filed no Interrogatories, and held no

31