UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HADLEY MACPHERSON (aka LISA EAGAN), RACHEL EAGAN and LOYAL EAGAN : | CIVIL CASE NO. 3:02cv1309(SRU) |
| Plaintiffs, : | |
| v. : | |
| ATTORNEY JOHN BERMAN, BERMAN, BOURNS & CURRIE, LLC and PAUL EAGAN, : | |
| Defendants. : | FEBRUARY 21, 2006 |

## OBJECTION TO PLAINTIFFS' REQUEST TO ALLOW LATE FILING

Defendants' Attorney John Berman and Berman, Bourns & Currie, LLC ("collectively Berman") hereby object to the Plaintiffs' request to be allowed to file their Amended Complaint late. The Court ordered the plaintiffs to file their Amended Complaint no later than February 10, 2006. The plaintiffs did not do so. In ordering the February 10, 2006 filing the Court expressly stated:

> If you expect to have any problem, get them in early. The points about the defendants having some rights here and needing to have this thing come to a resolution are well taken. . . .

Hearing Transcript, 1/18/2006, p. 69 (copy attached). The Court also observed:

> It has to be filed, meaning it has to be in court on the 10th and you have to serve it, i.e. mail it the day that you file it.

Hearing Transcript, 1/18/2006, p. 70 (copy attached).

February 10, 2006 passed and no Amended Complaint was filed. As of the date of this objection the Amended Complaint has neither been filed nor served, although the plaintiffs have

filed lengthy motions for consolidation and to file late. The plaintiffs also have appended a caption/cover page to their late-file request, but not the Amended Complaint.

The plaintiff was given a specific and simple deadline. It was not met and no more time should be allowed. The explanation defies logic, especially in light of the Court's express statement that the service copies had only to be mailed.

WHEREFORE, these defendants pray that the request to file late be denied.

DEFENDANTS,

By: _____
James A. Wade
Federal Bar # 00086
David S. Samuels
Federal Bar #ct 24460
E-mail: dsamuels@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Tel.: (860) 275-8200
Fax.: (860) 275-8299

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed via first-class mail, postage prepaid, on this 21st day of February, 2006, as follows:

Hadley Macpherson (Lisa Egan)  
2015 McKenzie Creek Drive  
Charlotte, NC 28270

Loyal Egan  
2015 McKenzie Creek Drive  
Charlotte, NC 28270

Rachel Egan  
2015 McKenzie Creek Drive  
Charlotte, NC 28270

Paul B. Egan  
P.O. Box 83  
Centerbrook, CT 06409

David S. Samuels

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - x

EGAN, ET AL                       :  No. 3:01CV-1555 (SRU)
v.                                :  No. 3:02CV-1309 (SRU)
SALLY HODGEDON                    :  915 Lafayette Boulevard
         *        *        *      :  Bridgeport, Connecticut
                                  :
HADLEY MACPHERSON                 :  January 18, 2006
v.                                :
JOHN BERMAN, ET AL                :

- - - - - - - - - - - - - - - - x


                         MOTION HEARING

B E F O R E:

    THE HONORABLE STEFAN R. UNDERHILL, U. S. D. J.

A P P E A R A N C E S:


    FOR THE PLAINTIFFS:

        HADLEY MACPHERSON, Pro Se
        RACHEL J. EGAN
        LOYAL B. EGAN
            2015 McKenzie Creek Drive
            Charlotte, North Carolina  28270

    FOR THE DEFENDANTS:

        WILLIAMS, COONEY & SHEEHY (For Sally Hodgedon)
            799 Silver Lane
            Trumbull, Connecticut  06611
        BY: EDWARD M. SHEEHY, ESQ.

        TYLER, COOPER & ALCORN (For Sisters of Notre Dame)
            205 Church Street
            New Haven, Connecticut 06510
        BY: MICHAEL G. CALDWELL, ESQ.



                           (Continued)
```

```
 1            MR. BLUMENFELD:  Do I understand that despite
 2   that, the new one can include them?
 3            THE COURT:  Right.
 4            MR. BLUMENFELD:  Okay.  Thank you.
 5            THE COURT:  And these complaints have to be
 6   filed by February 10, 2006.  I do not intend to grant any
 7   extensions of time.  If you expect to have any problem,
 8   get them in early.  The points about the defendants having
 9   some rights here and needing to have this thing come to a
10   resolution are well taken and we have to have complaints
11   that work, that make sense, that comply with the rules on
12   file very, very quickly.
13            MR. WADE:  Does Your Honor encompass not only
14   the new complaints to be filed but to be served on the
15   parties by the 10th as well?
16            THE COURT:  Of course.
17            MS. MACPHERSON:  Just to clarify, when you say
18   the defendants in the Berman case, that was John Berman,
19   Attorney John Berman, Berman, Bourns & Currie, Berman
20   Bourns Aaron & Dembo, the same firm just changed its name,
21   they were properly served, all of these parties were
22   properly served last time meaning they were handed in hand
23   the amended complaint.  Are you requiring in hand amended
24   complaint service in hand, not through Fed Ex?
25            THE COURT:  No, no, if they are here and they
```

```
 1    are represented by counsel, you just mail a copy to their
 2    lawyer.  That's how you serve any pleading.
 3              MS. MACPHERSON:  Okay, and then do -- is that up
 4    until and including the 10th?
 5              THE COURT:  It has to be filed, meaning it has
 6    to be in court on the 10th and you have to serve it, i.e.
 7    mail it the day that you file it.
 8              MS. MACPHERSON:  Yes, thank you.
 9              MR. EGAN:  Your Honor, I had no service prior to
10    March 15th.  I don't have any documents prior to the
11    March 15th.  Am I also included along with --
12              THE COURT:  Anybody that was served with the
13    March 15th complaint is here and will be served with the
14    amended complaint.  You then have the right to raise
15    whatever arguments you want, that it doesn't state a
16    claim, et cetera, but let's get it in, let's see what it
17    says and let's do it on the merits.
18              MS. MACPHERSON:  One last question.  Many of the
19    claims against both Attorney Hodgedon and Attorney Berman
20    are fraud issues, which bring up the issue of the
21    particular hearsay because if we're not particular enough
22    in the 25 pages and the action that took place and their
23    actions against us encompassed a four year period, that my
24    understanding from Attorney Wade is if we just say he
25    blackmailed me, he did this, he did this, to try to say it
```