Original

2006 MAR 14  A 10: 46

U.S. DISTRICT COURT
BRIDGEPORT, CONN

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

## AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | 3:02CV1309  SRU |
| and | |
| RACHEL EGAN | MARCH 13, 2006 |
| and | |
| LOYAL EGAN | CIVIL ACTION |
| Plaintiffs, | |
| | |
| VS. | |
| | |
| ATTORNEY JOHN BERMAN | PLAINTIFFS REQUEST FOR |
| and | AN ENLARGEMENT OF TIME |
| BERMAN, BOURNS, & CURRIE LLC | UNTIL FRIDAY, FEB. 13, 2006 |
| and | TO RESPOND TO ALL |
| BERMAN, BOURNS, AARON, & DEMBO LLC | DEFENDANTS |
| and | MOTIONS AND OBJECTONS |
| PAUL EGAN | |

## REQUEST FOR AN ENLARGEMENT OF TIME

## UNTIL FRIDAY, MARCH 17, 2006 TO RESPOND TO ALL

## MOTIONS AND OBJECTIONS FILED BY DEFENDANTS

The plaintiffs, Hadley Macpherson, Rachel Egan, and Loyal Egan, respectfully request

until Friday, March 17, 2006, to respond the eight (8) "Motions", "Memorandums of Law", and

"Objections" filed by the defendants, Attorney John Berman, Paul Egan, Berman, Bourns, &

Currie LLC, and Berman, Bourns, Aaron & Dembo, in this case of 3:02CV1309, which were

filed between February 22, 2006 and February 24, 2006.

There are sixteen (16) "Motions", "Memorandums of Law", and "Objections" filed by the

defendants, Attorney Sally Hodgdon, The Communities' Law Center Inc., the Sisters of Saint

Joseph, Sisters of Mercy, Sisters of Notre Dame, and Daughters of the Holy Spirit, filed in during

the period between February 13, 2006 and February 24, 2006.

There are another four (4) "Motions" "Memorandums of Law" and "Motions for

Summary Judgment" filed in 3:02CV1973 between February 17, 2006 and February 28, 2006.

While it may appear that the plaintiffs cannot recover against the all that has been filed,

the plaintiffs in fact have legitimate and just defenses to all Motions and Objections filed against

them, defenses they believe should legally ensure the survival of all these cases.

If it is thought that the plaintiffs inability to meet the deadlines should in itself warrant a

denial of any more time, and subsequent dismissal, such a premise is only fair if the actions of

the plaintiffs, and the evidence and argument brought forth in defense of those actions, is without

merit or legitimacy.

If wrongs were committed by the defendants or their agents, and the subsequent barrage of Motions were only filed as a result of the wrong committed, then the defendants not only took unjust advantage over the plaintiffs through ill means, but ultimately prospered from both the wrong committed and their ability to simultaneously bury the plaintiffs in paper in all three cases.

The plaintiffs if the given the opportunity to respond, will prove that illegal acts were committed against the rights and property of the plaintiffs, and that in response, and in light of what occurred, the plaintiffs acted reasonable due to the nature of the illegal acts committed.

Alleging what occurred in a manner that is clear headed and honest, and without emotion, has been difficult under the circumstances, and had been made more difficult by the amount of work needed to be simultaneously completed in order to ensure that the cases survive despite the illegal acts committed, and despite all events that then flowed from those acts which resulted in the issue that now sits before this Court.

If any one of the opposing counsel, in like circumstance, had no staff, no colleagues, and suddenly found themselves in the position of the plaintiffs, having been violated, and then facing twenty four (24) "Objections", "Motions to Dismiss", "Memorandums of Law", and even "Motions for Summary Judgment", all of which had to be responded to with a "Reply", "Objection", "Memorandum of Law", Exhibits, and attached Affidavits, in three separate cases as residual effect of what occurred, they would find the task if defending, both daunting, and time consuming, and difficult to accomplish in the time allotted, particularly when the amassing of Exhibits, drafting of "Affidavits, and gathering of evidence was crucial to their survival, all in the same moment, in all three cases.

The determination of this case should be made on the merits of the argument presented, and not determined by whether the plaintiffs were harmed, and then illegitimately buried to such

a degree that despite the existence of facts, evidence, and a legal argument that could save them from defeat, they are silenced by the exertion of joint and simultaneous might.

The plaintiffs understand that exceptions are not supposed to be made for pro se's merely because they are pro se's, however, if a tactic is used to bring instant defeat by destroying a pro se's ability to timely respond whether or not their response was legitimate or just, then the pro se, without staff, and so encumbered, in the interest of justice, should be granted at least a few more days by which to prove, or fail to prove, their position.

The plaintiff, Hadley Macpherson, has worked round the clock, on all twenty four "Objections", "Motions to Dismiss", Memorandums of Law", supporting "Affidavits", in this case of 3:01CV01555, 3:02CV1309, and even in the case of 3:02CV1973, whose Motions were filed simultaneous to the twenty four in these two cases of 3:01CV01555 and 3:02VCV1309, and which are due on this date of Monday, March 13, 2006 even with the additional three (3) days afforded by Rule 6 of the Federal Rules of Civil Procedure.

Though the plaintiff has yet to respond, and has remained buried, she believes that she can defeat each and every one of the documents filed by defendants, if afforded a few more days.

If the defendants position is just, and legally correct, a few days more will bring no new facts or evidence  that could warrant defeat of their position, or explain the plaintiffs actions, and deem them reasonable under the circumstances, as the facts and events that occurred are unalterable history, and the arguments made in light of those facts and that history, if founded on a truth which favorable to the defendants,  cannot be defeated by the passage of a few days time.

**Wherefore,** the plaintiffs respectfully request an enlargement of time until Friday, March 17, 2006, to respond to all "Objections", "Motions to Dismiss", and "Memorandums of Law" filed by the defendants, or any amount of time the Court deems proper.

Rachel Egan
2015 McKenzie Creek Drive
Charlotte, North Carolina, 28270
(704) 675 - 5252

Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, North Carolina 28270
(704) 675 - 5252

Loyal Egan
2015 McKenzie Creek Drive
Charlotte, North Carolina, 28270
(704) 675 - 5252

## CERTIFICATION

This is to certify that a copy of the foregoing was sent/delivered this day of March, 13

2006 to Attorney James Wade and David Samuels of Robinson and Cole, at 280 Trumbull Street,

Hartford CT 06103-3597 appearing for the defendant, John Berman, and the defendants Berman,

Bourns, & Currie LLC, and Berman, Bourns, Aaron, & Dembo LLC, and to the pro se defendant,

Paul Egan at 56 Ironworks Road, Clinton, Connecticut, 06413.

Rachel Egan
2015 McKenzie Creek Drive
Charlotte, NC   28270
(704) 675 - 5252

Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, North Carolina
(704) 675-5252

Loyal Egan
2015 McKenzie Creek Drive
Charlotte, NC   28270
(704) 675-5252