Original

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

---

### AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | NO.  3:02CV1309  SRU |
| and | |
| RACHEL EGAN | |
| and | MARCH 17, 2006 |
| LOYAL EGAN | |
| Plaintiffs, | CIVIL ACTION |
| VS. | |
| | |
| ATTORNEY JOHN BERMAN | PLAINTIFFS' |
| and | "OMNIBUS REPLY" TO |
| BERMAN, BOURNS & CURRIE, LLC | ALL DEFENDANTS |
| and | "OBJECTIONS" TO |
| BERMAN, BOURNS, AARON & DEMBO, LLC | PLAINTIFFS' |
| and | "LETTER/AFFIDAVIT", |
| PAUL EGAN | OF FEBRUARY 13, 2006 |
| Defendants | |

## PLAINTIFFS' "OMNIBUS REPLY"TO ALL

## OF THE "OBJECTIONS" FILED BY ALL OF THE DEFENDANTS,

## ATTORNEY JOHN BERMAN, PAUL EGAN, BERMAN, BOURNS, &

## CURRIE LLC, AND BERMAN, BOURNS, AARON & DEMBO LLC, TO

## THE PLAINTIFFS' "LETTER TO THE COURT" DATED FEB. 13, 2006

The plaintiffs filed a separate "Request to file Overlong 'Omnibus Reply' and 'Omnibus Memorandum of Law' " due to the number of issues, defendants, facts, evidence, and arguments.

The plaintiffs respectfully submit this "Omnibus Reply" to all of the "Objections" which were filed by the defendants, Attorney John Berman, Paul Egan, Berman, Bourns, & Currie LLC, and Berman, Bourns, Aaron & Dembo LLC, in response to the "Plaintiff's Letter/Affidavit Requesting Permission to File Amended Complaint Late But As Timely" dated February 13, 2006 , which were filed by the defendants, and the filing error that  occurred back on February 10, 2006 involving the plaintiffs' "Amended Complaint" dated February 10, 2006.

The plaintiffs submit an "Omnibus Memorandum of Law" with attached Exhibits, in support of this "Omnibus Reply", and the two sworn "Affidavits of Hadley Macpherson" identified as:

1.    "First Sworn Affidavit of Hadley Macpherson Relating to Events Alleged
      In Plaintiffs' 'Letter to the Court' dated February 13, 2006"

2.    "Second Sworn Affidavit of Hadley Macpherson Relating to Illegal
      Tampering of Plaintiffs' Mail and Illegal Entry into Plaintiffs' Home"

The Exhibits provided in defense of the plaintiffs' decision to have their "Amended Complaint" driven North to be hand delivered at the District Court, and hand served on Friday, February 10, 2006, instead of by U.S. Mail or Fed Ex, fall into two categories:

1.    Mail that was <u>officially determined </u>by the United States Postal Service <u>to have been already opened, while still in the custody</u> of the United States Postal Service, <u>prior to its being delivered to the plaintiffs' mailbox</u> located outside her home at 2015 McKenzie Creek Drive.

2.    <u>Weather Records </u>pertaining to the Clipper snow storm that originated in the Gulf and hit the <u>Southern states of Texas, Alabama, Tennessee, Kentucky, North Carolina, Virginia, West Virginia</u>, as well as the Northern states of Missouri, Illinois, Washington D.C., Maryland, Pennsylvania, New Jersey, New York, and Connecticut, <u>between Tuesday, February 8, 2006, and Sunday, February 12, 2006.</u>

## EXHIBITS:    MAIL TAMPERING

The plaintiffs attach as Exhibits, photocopies of nineteen (19) pieces of mail which were <u>officially determined by the United States Postal Service to have been already opened</u> while still in the custody of the United States Postal Service, <u>prior to their delivery</u> to the plaintiffs mailbox.

Each of the nineteen ( 19) pieces of already opened mail <u>bears the official stamp </u>that the the United States Postal Service in Charlotte, North Carolina, uses to designate that the envelope bearing that stamp <u>was found to be in an already opened state though not yet delivered, and</u> <u>though still in the custody of the United States Postal Service and its employees.</u>

Each of the (19)  pieces of mail being submitted as Exhibits <u>were each individually</u> <u>signed and/or initialed by whichever Supervisor placed the official stamp on the individual</u>

envelope, having determined the envelope to have been already opened while still in the custody

of the United States Postal Service, prior to its moving on for delivery to the plaintiffs mailbox

located outside her home at 2015 McKenzie Creek Drive, in Charlotte North Carolina.

Both the official stamp, as well as the individual signatures and/or initials of the

Supervisors involved, were placed on the (19) pieces of already opened mail, prior to their being

delivered to the plaintiffs mailbox at 2015 McKenzie Creek Drive, in Charlotte, North Carolina,

as the United States Postal Service will not ever, and can not ever, officially verify that a piece of

mail was delivered to a citizens home in an already opened condition, once that piece of mail has

already been delivered, for reasons of obvious logic and legality.

The plaintiffs, for the sake of what is left of their privacy, have blacked out the Senders

names on the photocopies, (though the original envelopes remain untouched), as some of the

envelopes are private or medical in nature, and the plaintiffs do not believe they should have to

suffer more exposure without just cause.

The plaintiffs are perfectly willing to immediately produce the actual physical envelopes

for the Court's inspection only, to prove the truth of the plaintiff's statements made in her

"Second Sworn Affidavit of Hadley Macpherson Relating to Illegal Tampering of Plaintiffs'

Mail and Illegal Entry into Plaintiffs' Home", and defend the decision she made back on

Wednesday, February 8, 2006, to have the "Amended Complaint" driven North rather than

mailed by any carrier.

The plaintiffs also attach as Exhibits , the plastic mail bags belonging to the United States

Postal Service which are used by the United States Postal Service as containers to deliver mail

that it determines has already been opened while still in the custody of the United States Postal

Service, and which were used to deliver the plaintiffs already opened mail to their mailbox at

2015 McKenzie Creek Drive, in Charlotte, North Carolina.

The plaintiffs have attached, and stapled, <u>one (1) of each of the plastic mail bags to each</u>

of the plaintiffs' "Objections" and "Reply's", <u>as well as to all courtesy copies,</u> filed in response

to the "Motions to Dismiss" and "Objections" which were filed by the defendants in both this

case of 3:01CV01555, in the case of 3:02CV1309, and in the case of 3:02CV1973.

The plastic United States Postal Service mail bags, though identical in physical nature,

are in no way redundant and therefore unnecessary, as their redundancy makes a necessary

statement, given that the plastic United States Postal Service bags cannot be obtained by an

outside citizen upon the asking, but are only used as a last resort by the United States Postal

Service when it finds itself having to deliver mail that it finds has already been opened while still

in its custody, and which is too damaged to deliver to the receiver without a plastic bag container.


**EXHIBITS:**    <u>**WEATHER RECORDS FOR ALABAMA, TENESSEE, KENTUCKY**</u>
<u>**NORTH CAROLINA, VIRGINIA, AND WEST VIRGINIA, MARYLAND,**</u>
<u>**WASHINGTON D.C., MISSOURI, ILLINOIS, PENNSYLVANIA,**</u>
<u>**NEW JERSY, NEW YORK, AND CONNECTICUT BETWEEN**</u>
<u>**FEBRUARY 7, 2006 AND FEBRUARY 11, 2006**</u>


The plaintiffs submit and attach as Exhibits, the available Weather Records for the

Southern states of <u>Texas, Alabama, Tennessee, Kentucky, North Carolina, Virginia, West</u>

<u>Virginia,</u> and the Northern states of <u>Maryland, Washington D.C., Missouri, Illinois,</u>

<u>Pennsylvania, New Jersey, New York and Connecticut,</u> between Tuesday, February 8, 2006 and

Sunday, February 12, 2006.

The plaintiffs attach as Exhibits, Internet pages published by the "National Weather Service", and other weather stations throughout the Southern states, including "ABC" media stations, relating to the weather conditions that existed in the Southern states of Texas, Alabama, Tennessee, Mississippi, North Carolina, Virginia, and West Virginia, as well as throughout the Northern States of Maryland, Pennsylvania, Missouri, New Jersey, New York, and Connecticut, on Monday, February 7, 2006, through Sunday, February 12, 2006, referencing the Clipper Snow Storm that came up from the Gulf and hit the Southern states first, and then made its way north to the Mid-Atlantic States, and New England, where it finally hit Connecticut on the evening of February 11, 2006.

The plaintiffs also attach as Exhibits, internet Web pages from the National Weather Service's own Website which prove that the National Weather Service has not yet acquired, and cannot yet post as of this date of March 11, 2006, the archival data relating to the Severe Winter Snow Storm Warnings that were issued throughout the South between February 7, 2006, February 8, 2006, and February 9, 2006, and February 10, 2006, and spoke of the possibility that airports would close due to their not having the resources possessed by Northern states to deal with Snow and Ice, a closing which would have delayed all flights carrying mail north, and which did in fact occur in cities in the North who were harder hit, and yet even had the equipment and resources to regularly cope with a snowstorm.

The plaintiffs have attached  The National Weather Service's own statements made on its own Website, alerting the public to the fact that the weather stations across the country are given 90 to 120 days from the end of the end of the last month, by which to gather, organize an submit their archival data to the National Weather Service, which includes the forecasts, and that

therefore all postings on the National Weather Service Website are two months behind, and the

specific Severe Weather warnings and forecasts that once existed, prior to the Clipper Snow

Storm's arrival, cannot be fully obtained as of yet, and the plaintiffs not prejudiced by their

inability to produce that which even the National Weather Service cannot prove or produce at

this point in time.

## A.    TIMELINESS OF "OMNIBUS REPLY" AS TO ALL DEFENDANTS

On Monday, February 13, 2006, the plaintiffs, in North Carolina, mailed way of

Overnight Fed Ex, their "Letter to the Court", dated Monday, February 13, 2006, which was then

filed and docketed in the District Court on the morning of Tuesday, February 14, 2006.

On Wednesday, February 22, 2006, the defendants, Attorney John Berman, and Berman,

Bourns, & Currie LLC, and Berman, Bourns, Aaron & Dembo LLC,  filed an "Objection" to the

"Plaintiff's Letter/Affidavit Requesting Permission to File Amended Complaint Late But As

Timely" dated February 13, 2006.

On Friday, February 24, 2006, the defendant, Paul Egan, filed an "Objection" to the

"Plaintiff's Letter/Affidavit Requesting Permission to File Amended Complaint Late But As

Timely" dated February 13, 2006.

The plaintiffs received their copy of all defendants' "Objections" by mail the following

week.

The filing date of the "Objection" filed by the defendants, Attorney John Berman, and

Berman, Bourns, & Currie LLC, and Berman, Bourns, Aaron & Dembo LLC, that being

Wednesday, February 22, 2006, <u>counting ten (10) days forward</u> for the filing of a "Reply" under

the Federal Rules of Civil Procedure, <u>excluding weekends,</u> designated the response date

for the plaintiffs filing of a "Reply" to be that of <u>Wednesday, March 8, 2006.</u>

The filing date of the "Objection" filed by the defendant, Paul Egan, that being Friday,

March 24, 2006, <u>counting ten (10) days forward</u> for the filing of a "Reply" under the Federal

Rules of Civil Procedure, <u>excluding weekends</u> designated the response date for the plaintiffs

filing of a "Reply" to be that of <u>Friday, March 10, 2006.</u>

However, given that the plaintiffs received their copies of the all of the defendants'

"Objections" through the mail, under Rule 5 of the Federal Rules of Civil Procedure, and that the

distance between Connecticut and North Carolina shorts the plaintiffs of the necessary time to

receive and respond, the plaintiffs are therefore entitled to the benefit of the additional three (3)

days afforded to them by Rule 6 of the Federal Rules of Civil Procedure in filing their "Reply" to

all pending "Objections" to the "<u>Plaintiff's Letter/Affidavit Requesting Permission to File</u>

<u>Amended Complaint Late But As Timely</u>" dated February 13, 2006.

With the use of the additional three (3) days afforded by Rule 6 of the Federal Rules of

Civil Procedure, the plaintiffs have <u>until Saturday, March 11, 2006</u> (which rolls over to Monday,

March 13, 2006) by which to file their "Reply" to the "Objection" filed by the defendants,

Attorney John Berman, and Berman, Bourns, & Currie LLC, and Berman, Bourns, Aaron &

Dembo LLC, rather than the date of Wednesday, March 8, 2006; and <u>until Monday, March 13,</u>

<u>2006,</u> by which to file their "Reply" to the "Objection" filed by the defendant, Paul Egan, rather

than the date of Friday, March 10, 2006.

On Monday evening, March 13, 2006, the plaintiffs Overnight Fed Ex'ed a second "Request for an Enlargement of Time Until Friday, March 17, 2006" which arrived the following morning in the District Court, and was filed that morning of Tuesday, March 14, 2006.

( The cover page was erroneously typed date as "Request for Enlargement of Time Until Friday, February 13, 2006", however, the typo was only on the cover page, and not in the body or title of the actual Motion, which stated the correct date of Friday, March 17, 2006).

The plaintiff's defense to all "Objections" to the "Plaintiff's Letter/Affidavit Requesting Permission to File Amended Complaint Late But As Timely" dated February 13, 2006, was the same as to all defendants in this case, and it was therefore the plaintiffs intention to file an "Omnibus Reply" in response to the defendants Objections to the "Plaintiff's Letter/Affidavit Requesting Permission to File Amended Complaint Late But As Timely" dated February 13, 2006, given the number of documents needed to be filed in response, and the redundancy and confusion that would result if no attempt to consolidate a response were made.

Later that same day, the Court granted the plaintiffs' "Request for an Enlargement of Time until Friday, March 17, 2006 to Respond to all 'Objections' and 'Motions'" which had been filed on Tuesday, March 14, 2006, as to all pending deadlines to all defendants.

This "Omnibus Reply" , being filed on this day of Friday, March 17, 2006, is therefore timely as to the plaintiffs' deadline for response to all of the "Objections" filed by all of the defendants, Attorney John Berman, Paul Egan, and Berman, Bourns, & Currie LLC, and Berman, Bourns, Aaron & Dembo LLC, in response to the "Plaintiff's Letter/Affidavit Requesting Permission to File Amended Complaint Late But As Timely" dated February 13, 2006, under the benefit of the three (3) additional days afforded to the plaintiffs under Rule 6 of the Federal Rules

of Civil Procedure, and the under the "Request for Enlargement of Time to Respond " granted by

the Court on  Wednesday, March 15, 2006.

The defendants, Attorney John Berman, Paul Egan, and Berman, Bourns, & Currie LLC,

and Berman, Bourns, Aaron & Dembo LLC, are hereinafter collectively referred to as

"Defendants" below.

The "Defendants" arguments, though grouped together under each of the issues, are

specifically identified and attributed to the names of the specific defendants who offered them,

and then cited from the two  "Objections" pertaining to those specific defendants, as i.e.  [Object.

pg. ]  so that no individual defendant can argue that their position  was confused with that of

another.


## B.   "DEFENDANTS" COMPLAINTS AND ARGUEMENTS


### 1.     "DEFENDANTS" ARGUE AMENDED COMPLAINT NOT FILED OR SERVED BY DEADLINE OF FEBRUARY 10, 2006

The "Defendants" argue in each of their individual "Objections" filed in response to the

"Plaintiff's Letter/Affidavit Requesting Permission to File Amended Complaint Late But As

Timely" dated February 13, 2006 that the plaintiffs had until Friday, February 10, 2006 to file

and serve their "Amended Complaint" dated February 10, 2006 in the District Court, and "failed"

to do so.

The "Defendants" argue that the plaintiffs should have still "served" the counsel for the

defendants, their copies of "Amended Complaint" dated February 10, 2006, even after the filing

error had occurred, and have still not done so.

The "Defendants" argue that the plaintiffs should still have "filed" the "Amended

Complaint" dated February 10, 2006, and stamp dated as February 10, 2006, without permission

to do so, and have still not done so.

As none of the "Defendants" filed a "Memorandum of Law" in support of their

"Objection", the following arguments quoted below, are quoted from each "Objection" filed by

the "Defendants" in this case.

### Defendants, Attorney John Berman, Paul Egan, and Berman, Bourns, & Currie LLC, and Berman, Bourns, Aaron & Dembo LLC :

> "The Court ordered the plaintiffs to file their Amended Complaint no
> later than February 10, 2006. The plaintiff did not do so.   In ordering
> February 10, 2006 filing the Court expressly stated:
>
>> "If you expect to have any problem, get them in early.  The
>> points about the defendants having some rights here and
>> needing to have this thing come to a resolution are well taken..."
>
>> Hearing Transcript, 1/18/2006, p. 69  (copy attached)
>
> The Court also observed:
>
>> "It has to be filed, meaning it has to be in court on the 10th and
>> You have to serve it, i.e., mail it the day that you file it."
>
>> Hearing Transcript, 1/18/2006, p. 70  (copy attached)
>
>
> February 10, 2006 passed and no Amended Complaint was filed.  As of the
> date of this objection the Amended Complaint has neither been file nor served,
> although the plaintiffs have filed lengthy motions for consolidation and to file
> late.

The plaintiffs also have appended a caption/cover page to their late-file
Request, but not the Amended Complaint.

The explanation defies logic, in light of the
Court's express statement that the service copies had only to be mailed."

**Defendant, Paul Egan**

"The Court ordered the plaintiffs to file their Amended Complaint no
later than February 10, 2006. The plaintiff did not do so.   In ordering
February 10, 2006 filing the Court expressly stated:

"If you expect to have any problem, get them in early.   The
points about the defendants having some rights here and
needing to have this thing come to a resolution are well taken..."

Hearing Transcript, 1/18/2006, p. 69  (copy attached)

The Court also observed:

"It has to be filed, meaning it has to be in court on the 10th and
You have to serve it, i.e., mail it the day that you file it."

Hearing Transcript, 1/18/2006, p. 70  (copy attached)

## 2.    "DEFENDANTS" ARGUE THAT PLAINTIFFS' ACTIONS WERE ILLOGICAL AND UNWARRANTED

The "Defendants" argue in each of their individual "Objections" filed in response to the
"Plaintiff's Letter/Affidavit Requesting Permission to File Amended Complaint Late But As
Timely" dated February 13, 2006 that the plaintiffs' choice to travel the "Amended Complaint"
north by courier "defied logic".

**Defendants, Attorney John Berman, Paul Egan, and Berman, Bourns, & Currie LLC, and Berman, Bourns, Aaron & Dembo LLC :**

"The explanation defies logic, especially in light of the Court's express statement that the service copies had only to be mailed."

## C.    PLAINTIFFS DEFENSE TO " DEFENDANTS" ARGUMENTS

**1.    Decision To Send "Amended Complaint" North By Courier Due To Plaintiffs' Mail Being Already Opened Prior To Delivery To Plaintiff's Mailbox**

The plaintiffs' mail was being opened prior to delivery, on a daily basis for almost two weeks, and that intrusion was being committed by someone within the U.S. Postal Service, who was associated with the Defendants in these cases at District Court, given the acts being committed.   [see Facts in Mem. of Law, and Second Affidavit of Hadley Macpherson]

**2.    Decision To Send "Amended Complaint" North By Courier Due to Plaintiffs' House Being Illegally Entered, And Personal Items Removed And Stolen**

The plaintiffs' house had been illegally entered by individual (s) that had to have been associated with the Defendants in these cases at District Court, given the items that were stolen, the evidence of the kind of activity left behind, and the lack of anything valuable being taken. [see Facts in Mem. of Law, and Second Affidavit of Hadley Macpherson]

**3.**    <u>Decision To Send "Amended Complaint" North By Courtier To Avoid Any</u>
<u>Delays Caused By The Clipper Snow Storm Already Hitting The South On</u>
<u>February 8, 2006, Due To Reports That Airports Anticipated Closing</u>

The Clipper Storm already hitting the South on February 8, 2006, was reason not to risk

sending the "Amended Complaint" by any carrier if Airports closed due to not having the

resources possessed by Northern states to deal with sudden snow and ice, a closing already being

anticipated, and which had the potential to delay flights hubs carrying mail north, even if the

plaintiffs' risked sending the "Amended Complaint" by U.S. Mail or Fed Ex. [see Exhibits]

**4.**    <u>Decision Not To "Serve" The Defendants Their Copies Of The "Amended</u>
<u>Complaint" On February 10, 2006, After the Filing Error Had Occurred, Or</u>
<u>At Any Time Since</u>

The "Defendants" would have accused the plaintiffs of being fraudulent in serving an

"Amended Complaint" with a date three days past due to the weekend between Friday, February

10, 2006, and Monday, February 13, 2006, that had not actually been filed, and would have

accused the plaintiffs of Fraud, and then filed the same "Objections" and "Motions to Dismiss"

that were filed now, only had the ability to attempt to taint the plaintiffs character in the process.

Further, the Court's Order only allowed for the service if the "Amended Complaint" were

filed, and once the deadline was missed, there would be no legal reason to served "Amended

Complaints" on the Defendants that they could then attempt to use to bar all future claims that

were not actually yet the subject of this suit, as they were not part of the Record unless filed.

**5.**     **Decision Not To "File" the "Amended Complaint" Dated February 10, 2006, After Filing Error Had Occurred, on Friday, February 10, 2006, Or At Any Time Since**

If the plaintiffs had chosen to deliver their "Amended Complaint" dated February 10, 2006 to the District Court on Monday, February 13, 2006, at the first opportunity to undo the mistake that occurred, without first obtaining permission to do so, the "Defendants" would have filed the exact same "Objections" and "Motions to Dismiss", and requests that the plaintiffs be dismissed with prejudice, as well as all claims newly alleged in that "Amended Complaint" despite the fact that the plaintiffs' still have rights to the claims newly alleged in the new "Amended Complaint" which cannot be barred by estoppel or res judicata even if the cases are dismissed, given that they were never alleged, occurred recently, involved individuals beyond just the present Defendants, and given the ongoing nature of the Intentional Torts committed, and that they were not alleged in the Original Complaint which is the only Complaint standing at this moment, and the Statute of Limitations is no where near on running out on them.

The "Defendants" expressly stated in their "Motions to Dismiss" and "Objections" their desire and intent to prejudice and bar every single claim contained in the "Amended Complaint" dated February 10, 2006, from every being litigated, if and when those claims are served, disclosed, and made a part of the Record in this case.

**6.**     **Decision To Travel The Amended Complaints North Was Reasonable Under The Circumstances, And Connecticut Must Recognize Acts of God, Acts of Men, And Determinations Made By The United States Postal Service**

The plaintiffs anticipated human interference and natures delay, and tried to avoid them.

The plaintiff needed until February 8, 2006 to complete the re-drafting of their Amended

Complaint to a 25 page length, in both cases. The elements to be plead for each intentional tort, are necessary, or the claims would fail. Sixty bad acts in 25 pages, with all elements met was time consuming. A well pleaded Complaint, edited from 270 pgs., still had to allege the facts of each transaction, duties breached, and statutes broken in order to succeed as to all "Defendants".

That the plaintiffs are 800 miles away, and had to overcome obstacles that could not be anticipated on January 18, 2006, should be mitigated if the "Defendants" would never be in a position to face those same obstacles of distance, weather, inability to electronically file, and outside intrusion from those who could enter their offices or homes, attempt to destroy evidence, ruin their case, or just invade their privacy as an intimidation tactic, leaving them no longer feeling secure in their own home or on their own telephone, or able to open their own mail.

Rachel Egan
2015 McKenzie Creek Drive
Charlotte, North Carolina, 28270
(704) 675 - 5252

Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, North Carolina 28270
(704) 675 - 5252

Loyal Egan
2015 McKenzie Creek Drive
Charlotte, North Carolina, 28270
(704) 675 - 5252

## CERTIFICATION

This is to certify that a copy of the foregoing was sent/delivered this day of March, 13

2006 to Attorney James Wade and David Samuels of Robinson and Cole, at 280 Trumbull Street,

Hartford CT 06103-3597 appearing for the defendant, John Berman, and the defendants Berman,

Bourns, & Currie LLC, and Berman, Bourns, Aaron, & Dembo LLC, and to the pro se defendant,

Paul Egan at 56 Ironworks Road, Clinton, Connecticut, 06413.

Rachel Egan
2015 McKenzie Creek Drive
Charlotte, NC   28270
(704) 675 - 5252

Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, North Carolina
(704) 675-5252

Loyal Egan
2015 McKenzie Creek Drive
Charlotte, NC   28270
(704) 675-5252