Original

# UNITED STATES DISTRICT COURT

# DISCTRICT OF CONNECTICUT

## AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | NO. 3:02CV1309 SRU |
| and | |
| RACHEL EGAN | MARCH 17, 2006 |
| and | |
| LOYAL EGAN | CIVIL ACTION |
| Plaintiffs, | |
| VS. | PLAINTIFFS' "OMNIBUS MEMORANDUM OF LAW" |
| ATTORNEY JOHN BERMAN | FILED IN SUPPORT OF |
| and | "OMNIBUS REPLY" TO |
| BERMAN, BOURNS & CURRIE, LLC | ALL DEFENDANTS' |
| and | "MEMORANDUMS IN |
| BERMAN, BOURNS, AARON & DEMBO, LLC | OPPOSITION" TO |
| and | PLAINTIFFS "MOTION |
| PAUL EGAN | FOR CONSOLIDATION", |
| Defendants | DATED FEBRUARY 13, 2006 |

# PLAINTIFFS' "OMNIBUS REPLY"TO ALL OF THE "OBJECTIONS" FILED BY ALL OF THE DEFENDANTS, ATTORNEY SALLY HODGON, THE COMMUNITIES' LAW CENTER INC., SISTERS OF SAINT JOSEPH, AND SISTERS OF MERCY, TO PLAINTIFFS' "MOTION FOR CONSOLIDATION" DATED FEB. 13, 2006

The plaintiffs' "Motion for Consolidation" was filed on Monday, February 13, 2006.

On Friday, February 17, 2006, the defendants, Sisters of Saint Joseph and Sisters of Mercy, filed an "Objection" to the plaintiffs' "Motion for Consolidation" filed on Monday, February 13, 2006.

On Friday, February 24, 2006, the defendants, Attorney Sally Hodgdon and The Communities' Law Center Inc., filed their "Objection" to the plaintiffs' "Motion for Consolidation" filed on Monday, February 13, 2006.

The plaintiffs received their copy of the defendants Objections by mail the next week.

Being that the plaintiffs' defense to all of the "Objections" filed by all defendants is the same, the plaintiffs are filing this "Omnibus Reply" on this day of <u>Thursday, March 9, 2006</u>, an "Omnibus Reply" which is timely under the following facts:

The filing date of the "Objection" filed by the defendants, Sisters of Saint Joseph and Sisters of Mercy, that being Friday, February 17, 2006, <u>counting ten (10) days forward</u> for the filing of a "Reply" under the Federal Rules of Civil Procedure, <u>excluding weekends and the</u>

Federal Holiday of Monday, February 20, 2006 (Presidents Day), designated the response date for the plaintiffs filing of a "Reply" to be that of Monday, March 6, 2006.

The filing date of the "Objection" filed by the defendants, Attorney Sally Hodgdon and The Communities' Law Center Inc., that being Friday, February 24, 2006, counting ten (10) days forward for the filing of a "Reply" under the Federal Rules of Civil Procedure, designated the response date for the plaintiffs filing of a "Reply" to be that of Friday, March 10, 2006.

However, given that the plaintiffs received their copies of the all defendants "Objections" through the mail, as allowed under Rule 5 of the Federal Rules of Civil Procedure, and that the distance between Connecticut and North Carolina shorts the plaintiffs of the necessary time to receive and respond, the plaintiffs are therefore entitled to the benefit of the additional three (3) days afforded to them by Rule 6 of the Federal Rules of Civil Procedure in filing their "Reply".

With the use of the additional three (3) days afforded by Rule 6 of the Federal Rules of Civil Procedure, the plaintiffs had until Thursday, March 9, 2006 by which to file their "Reply" to the "Objection" filed by the defendants, Sisters of Saint Joseph and Sisters of Mercy, rather than the date of Monday, March 6, 2006; and until Monday, March 13, 2006, by which to file their "Reply" to the "Objection" filed by the defendants, Attorney Sally Hodgdon and The Communities' Law Center Inc, rather than the date of Friday, March 10, 2006.

On Thursday, March 9, 2006, the plaintiffs sent by Overnight Fed Ex a "Request for Three Day Enlargement of Time to respond to all 'Motions to Dismiss' and all 'Objections' filed by the Defendants", Attorney Sally Hodgdon, The Communities' Law Center, Sisters of Saint Joseph, Sisters of Mercy, Sisters of Notre Dame, and Daughters of the Holy Spirit.

The plaintiffs defense to all "Objections" to the "Plaintiff's Letter/Affidavit Requesting

Permission to File Amended Complaint Late But As Timely" dated February 13, 2006, was the same as to all defendants, and it was therefore the plaintiffs intention to file an "Omnibus Reply" in response to all "Objections" to the "Plaintiff's Letter/Affidavit Requesting Permission to File Amended Complaint Late But As Timely" dated February 13, 2006 given the number of documents needed to be filed in response, and the redundancy and confusion that would result if no attempt to consolidate a response were made.

As of the date of the filing of that "Request for a Three Day Enlargement of Time to respond to all 'Motions to Dismiss' and all 'Objections' of the Defendants", filed on Friday, March 10, 2006, only the "Objection" filed by the defendants, Sisters of Saint Joseph and Sisters of Mercy was passing as of that night of Thursday, March 9, 2006.

The responsive deadline as to the "Objection" filed by the defendants, Attorney Sally Hodgdon and The Communities' Law Center, under the extra three (3) days allotted by Federal Rule 6, was not actually passing until the close of Monday, March 13, 2006.

On Monday evening, March 13, 2006, the plaintiffs Overnight Fed Ex'ed a second "Request for an Enlargement of Time Until Friday, March 17, 2006" which arrived the following morning in the District Court, and was filed that morning of Tuesday, March 14, 2006.

( The cover page was erroneously typed date as "Request for Enlargement of Time Until Friday, February 13, 2006", however, the typo was only on the cover page, and not in the body or title of the actual Motion, which stated the correct date of Friday, March 17, 2006).

That same day of Tuesday, March 14, 2006, the Court granted the plaintiffs' first

"Request for a Three (3) Day Enlargement of Time" filed back on Friday, March 10, 2006.

The following day of Wednesday, March 15, 2006, the defendants, Attorney Sally Hodgdon and The Communities' Law Center, filed an "Objection" to the plaintiffs' second "Request for an Enlargement of Time Until Friday, March 17, 2006 to Respond to All 'Objections' and 'Motions'", which had been filed the day before, on Tuesday, March 14, 2006.

Later that same day, the Court granted the plaintiffs' "Request for an Enlargement of Time until Friday, March 17, 2006 to Respond to all 'Objections' and 'Motions'" which had been filed on Tuesday, March 14, 2006, as to all pending deadlines to all defendants.

This "Omnibus Reply", being filed on this day of Friday, March 17, 2006, is therefore timely as to plaintiffs' deadline for response to all of the "Objections" filed by all of the defendants, Attorney Sally Hodgdon, The Communities' Law Center Inc., Sisters of Saint Joseph, Sisters of Mercy, Sisters of Notre Dame, and the Daughters of the Holy Spirits' in response to the "Plaintiff's Letter/Affidavit Requesting Permission to File Amended Complaint Late But As Timely" dated February 13, 2006 under the benefit of the three (3) additional days afforded to the plaintiffs under Rule 6 of the Federal Rules of Civil Procedure, and the under the two "Requests for Enlargement of Time to Respond" granted by the Court on Tuesday, March 14, 2006, and Wednesday, March 15, 2006.

The defendants, Attorney Sally Hodgdon, The Communities' Law Center Inc., Sisters of Saint Joseph, Sisters of Mercy, Sisters of Notre Dame, and the Daughters of the Holy Spirits, are hereinafter collectively referred to as "Defendants" below.

The plaintiffs' "Motions for Consolidation" dated February 13, 2006, was not ever intended for filing on Friday, February 10, 2006 even if the "Amended Complaint" dated February 10, 2006 had been properly placed in the file box, as any simultaneous filing of the

"Motion for Consolidation" dated February 13, 2006, would have opened the door for the defendants to once again complain of the simultaneous filing, and argue that the "Motion for Consolidation" was once again filed prematurely.

Such an argument, the plaintiffs knew, had the potential to result in the plaintiffs' new "Motion for Consolidation" dated February 13, 2006, to meet the same fate as the plaintiffs' previously defeated "Motion for Consolidation" filed one year earlier, back on March 16, 2006.

Though the plaintiffs' new "Amended Complaint" dated February 10, 2006, was drafted in non-Consolidated form, the plaintiffs in no way wanted to assume the risk of a simultaneous filing, or a simultaneous service on the defendants of both the new "Amended Complaint" dated February 10, 2006, and the new "Motion for Consolidation" dated February 13, 2006.

However, the plaintiffs did want all of the "Defendants" to be made aware at the outset of the plaintiffs intention to once again seek Consolidation, so that they could not later claim that they were being made to the inconvenience of re-draft their "Answers" or "Motions to Dismiss Under Rule 12(b)" in the expectation that the plaintiffs were not going to make any further attempt to Consolidate, and had been blind sighted to the issue after already filing their "Answers" or "Motions to Dismiss Under Rule 12(b)", a blind sighting that could then be argued as having caused prejudice by their having not been forewarned by the plaintiffs at the outset.

Therefore, though the plaintiffs intended to have their "Motion for Consolidation" dated February 13, 2006 reach the District Court only a few days <u>after</u> the filing of the newly drafted "Amended Complaint" dated February 10, 2006, it was a few days that from the plaintiffs position was crucial to have passed before that filing of the new "Motion for Consolidation" occurred.

The error of the plaintiffs' "Motion for Consolidation" dated February 13, 2006, being filed in the box not caused the likely demise of the plaintiffs' new "Amended Complaint" dated February 10, 2006 at the moment the "Motion for Consolidation" landed in the box, but given the arguments of the "Defendants" in all likelihood immediately doomed the plaintiffs' request for Consolidation as well, should the case ever survive, or be re-filed.

Given the propensity of the "Defendants" to argue the "law of the case" with regards to Consolidation and other matters, another decision against "Consolidation" resulting from such a filing error could never have been the desire or intention of the plaintiffs, as such a decision would not only cause the plaintiffs to have to litigate their case twice, at twice the expense and twice the inconvenience, but as stated in greater detail in the plaintiffs "Motion for Consolidation", at the expense of what the plaintiffs consider to be justice, an expense that would only benefit the "Defendants" in both this case of 3:01CV01555 and the case of 3:02CV1309, and gain them actual advantage over the plaintiffs at Trial in whichever case was tried second, regardless of whether the plaintiffs won or lost whichever case was tried first.

The plaintiff, Hadley Macpherson, may be a pro se, but even she understands that a "subterfuge", by its very definition, is supposed to be committed to achieve some gain for the benefit of the one committing the "subterfuge", and not to ensure the certainty of a crushing defeat which would only result in prospering the opposition.

At the close of the January 18, 2006 Hearing, the Court ordered that the plaintiffs previously filed "Amended Complaint" which had been filed back on March 15, 2005, to be stricken for the defect of it having been written in Consolidated form without first obtaining prior permission to do.

The Court then granted the plaintiffs the opportunity to file an "Amended Complaint" in both this case of 3:01CV01555 and the case of 3:02CV1309 by February 10, 2006, and to have all defendants in the two cases of 3:02CV01555 and 3:01CV1309 served by that same date of February 10, 2006.

The Court however further ordered that the plaintiffs "Amended Complaint" could not exceed a page limit of 25 pages.

The plaintiffs previously filed "Motion for Consolidation" filed back on March 16, 2005, at the time of the filing of the "Amended Complaint" dated March 15, 2005, was denied given that the previous "Amended Complaint" filed back on March 15, 2005, and all facts alleged in it, was stricken.

The Court's Order of February 18, 2006, denying the plaintiffs' "Motion for Consolidation" dated March 16, 2005, did not however state that it was being made with prejudice, or that the plaintiffs were denied in alleging conspiratorial bad acts between the defendants in this case of 3:01CV01555 and the case of 3:02CV1309.

The plaintiffs' therefore understood that if their newly drafted and filed Amended Complaint, if drafted and filed in correct form, alleged bad acts which contained questions of law and fact common to both cases, that the Court, in the interest of judicial economy, and in the interest of justice, would still be open to Consolidation, as the decision to Consolidate is always a decision that can be left up to any Court upon its own initiation if it determines that judicial economy or justice would be better served by Consolidation, whether or not any Motion for Consolidation is ever filed by any of the parties involved.

Wherefore, the plaintiffs argue that if the cases are not Dismissed, and allege common questions of law and fact between common parties, they are not barred from being Consolidated.

_Rachel J. Egan_
Rachel Egan
2015 McKenzie Creek Drive
Charlotte, North Carolina, 28270
(704) 675 - 5252

_Hadley Macpherson_
Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, North Carolina 28270
(704) 675 - 5252

_Loyal Egan_
Loyal Egan
2015 McKenzie Creek Drive
Charlotte, North Carolina, 28270
(704) 675 - 5252

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent/delivered this day of March, 17 2006 to Attorney James Wade and David Samuels of Robinson and Cole, at 280 Trumbull Street, Hartford CT 06103-3597 appearing for the defendant, John Berman, and the defendants Berman, Bourns, & Currie LLC, and Berman, Bourns, Aaron, & Dembo LLC, and to the pro se defendant, Paul Egan at 56 Ironworks Road, Clinton, Connecticut, 06413.

_Rachel J. Egan_
Rachel Egan
2015 McKenzie Creek Drive
Charlotte, NC  28270
(704) 675 - 5252

_Hadley Macpherson_
Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, North Carolina
(704) 675-5252

_Loyal Egan_
Loyal Egan
2015 McKenzie Creek Drive
Charlotte, NC  28270
(704) 675-5252