Original

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | 3:02CV1309 SRU |
| and | |
| RACHEL EGAN | MARCH 23, 2006 |
| and | |
| LOYAL EGAN | CIVIL ACTION |
| Plaintiffs, | |
| | |
| VS. | |
| | |
| ATTORNEY JOHN BERMAN | PLAINTIFFS REQUEST FOR |
| and | AN ENLARGEMENT OF TIME |
| BERMAN, BOURNS, & CURRIE LLC | UNTIL MARCH 29, 2006 |
| and | TO RESPOND TO ALL |
| BERMAN, BOURNS, AARON, & DEMBO LLC | DEFENDANTS |
| and | MOTIONS AND OBJECTONS |
| PAUL EGAN | |

## PLAINTIFF'S THIRD REQUEST

## FOR AN ENLARGEMENT OF TIME TO RESPOND TO DEFENDANTS'

## "MOTION TO DISMISS" AND "OBJECTIONS TO PLAINTIFFS LETTER"

The plaintiff, Hadley Macpherson, respectfully requests an additional enlargement of time of time until Wednesday, March 29, 2006, to file her "Omnibus Memorandums of Law" in support of her "Omnibus Objections", and "Omnibus Replys"

The plaintiff, Hadley Macpherson, could not have anticipated the amount of time it would take to address what has occurred, and still complete all of her responsive documents.

The Federal Rules of Civil Procedure did not anticipate what has occurred, and therefore the time allotted for response under the Federal Rules does not anticipate what has occurred, or make any statement as to how long it should take an individual to address what has occurred amidst the responsive deadlines already imposed for responding to a the "Motions to Dismiss" and "Objections" filed.

In order to adequately defend against the "Motions to Dismiss" and "Objections", the plaintiff must submit Memorandums of Law, Exhibits, and Affidavits, as well as a legal argument pertaining to all issues raised, or fail for their being absent an inadequate.

However, as a result of what occurred, the plaintiff has not only been left trying to complete her responses amidst what occurred, but then, in order to obtain the extra time needed to complete her responses, she has had to spend the additional time to draft Motions adequately explaining and verifying the events that caused the delay, a drafting and verifying that only caused more delay in responding to the "Motions to Dismiss" and "Objections".

The time afforded under the Federal Rules never anticipated such a situation.

The Local Civil Rules in no way anticipated or made allowance for the extra time needed to complete both tasks simultaneously under the circumstances that now exist.

The plaintiff, while having done nothing wrong, is the one left having to clean up the mess made by others, or else suffer the consequence not only of the acts committed, but of the inability to draft quickly enough all that needs to be stated in order to justify the plaintiffs actions and delay.

Were the plaintiff to turn in anything less than a perfectly accurate recounting of events, with an accurate Affidavit, Exhibits accurately presented, and a Motion accurately relating the situation, the plaintiff would lose as a result of her inaccuracy or failure to be specific enough.

The plaintiff has been working to complete the Motion regarding the events that occurred, and complete that Motion as it pertains to all three cases, with all Exhibits and Affidavits correctly alleged and compiled, amidst trying to also complete her responses to the Motions still pending against her in all three cases identified as 3:02CV1973, 3:01CV01555 and 3:02CV1309.

In doing so, the plaintiff has been forced to daily walk the impossible line of having to choose between spending the time necessary to relate the events that caused a delay in all three cases, or spending the time to complete the responsive pleadings which are now overdue in all three cases as a result of what occurred, in order to attempt to avoid Dismissal for the delay.

However, if the plaintiff gives up trying to accurately relate what has occurred, she will be Dismissed anyway for her not being able to justify the delay, and from her being immediately accused by the defendants of having lied.

If either set of documents is not completed, and completed well, in all three cases, then all three cases fail, even if the facts and legal argument against the Motions pending were worthy of defeating the arguments of the defendants in all three cases, had no delay occurred.

The Federal Rules offer no remedy for the dilemma presented.

Without more time, the plaintiff loses either way, as the only remedy for the dilemma that exists is time.

Today, is Thursday, March 23, 2006.

The plaintiffs' "Omnibus Memorandums of Law" in these two cases of 3:01CV01555 and 3:02CV1309 were to have been filed last Friday, March 17, 2006, and were made to be held off because another "Supplemental Memorandum of Law" was filed on Thursday, March 16, 2006, on the very eve of the plaintiffs' deadline, by the defendants in 3:01CV01555, which then required the plaintiff to re-draft her own "Memorandums of Law" in both cases.

The plaintiffs' "Objections" to the defendants' "Motion to Dismiss" in the case of 3:02CV1973 is due on this day of March 23, 2006, and by the time this Request for Enlargement of Time reaches the District Court tomorrow, that "Objection" will be overdue again.

If the plaintiff had solely tried to meet the deadline in these two cases of 3:01CV01555 and 3:02CV1309, she would have to have foregone working on the documents in the case of 3:02CV1973, and thereby be made to sacrifice that case in order to save herself in these, a sacrifice that the plaintiff should not have to bear if the dilemma that exists was not of her making.

If the plaintiff had solely tried to meet the deadline in the case of 3:02CV1973 she would have to have foregone working on the documents in these two cases of 3:01CV01555 and 3:02CV1309, and thereby sacrificed these case in order to save herself in the othe, which is again a sacrifice that the plaintiff should not have to bear if the dilemma that exists was not of her making.

What is at stake her is not just the losing of three Civil suits, and not just the sacrifice of the justice issues involved with them, but if the plaintiff is not given adequate time to complete the documents that are simultaneously pending, the plaintiff will not only lose all that fought for

purely as a result of the illegal events that occurred, but will be made to suffer a financial judgment of attorneys fees in the hundreds of thousands of dollars born not out of justice, or a determination of merit, but born out of corruption, a judgment which will in the end prosper the wrongdoer for his wrongdoing, a wrongdoing which subverted the process completely, if it achieves its ends.

The plaintiff, if given the time to accurately and responsibly complete, will be able to sufficiently present that which she alleged as true, as well as will be able to sufficiently defend against the "Motions to Dismiss" and "Objections" filed.

The plaintiff cannot just drive her documents over to the District Court, and needs both the weekend to complete the necessary tasks, and then the two days following for the documents to travel up to the District Court at Connecticut, and is therefore asking to be given until Wednesday, March 29, 2006, to deliver her "Omnibus Memorandums of Law" to the District Court, as well her "Motion" pertaining to her mail being illegally tampered with, and her house being illegally entered.

The plaintiff is asking for the exact same deadlines in the case of 3:02CV01555 and 3:02CV1973, for the same reasons presented in this Request.

The plaintiff's inability to complete all documents sooner should not be used as the justification for granting a Dismissal if the plaintiff is found to be telling the truth.

The District Court is being asked to determine was is fair if the allegations made by the plaintiff are true, and that determination must take into account not only the illegality of what has occurred, but the size of the advantage taken by the wrongdoer (s), given the consequences that have resulted from the advantage taken, and the burden suffered by the plaintiff as a result.

Wherefore, the plaintiffs request an Enlargement of Time of five (5) days.

_Rachel J. Egan_
Rachel Egan
2015 McKenzie Creek Drive
Charlotte, North Carolina, 28270
(704) 675 - 5252

_Hadley Macpherson_
Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, North Carolina 28270
(704) 675 - 5252

_Loyal Egan_
Loyal Egan
2015 McKenzie Creek Drive
Charlotte, North Carolina, 28270
(704) 675 - 5252

# **CERTIFICATION**

This is to certify that a copy of the foregoing was sent/delivered this day of March, 23 2006 to Attorney James Wade and David Samuels of Robinson and Cole, at 280 Trumbull Street, Hartford CT 06103-3597 appearing for the defendant, John Berman, and the defendants Berman, Bourns, & Currie LLC, and Berman, Bourns, Aaron, & Dembo LLC, and to the pro se defendant, Paul Egan at 56 Ironworks Road, Clinton, Connecticut, 06413.

_Rachel J. Egan_
Rachel Egan
2015 McKenzie Creek Drive
Charlotte, NC  28270
(704) 675 - 5252

_Hadley Macpherson_
Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, North Carolina
(704) 675-5252

_Loyal Egan_
Loyal Egan
2015 McKenzie Creek Drive
Charlotte, NC  28270
(704) 675-5252