UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HADLEY MACPHERSON (EGAN),
RACHEL EGAN, and LOYAL EGAN,
    Plaintiffs,

v.

JOHN BERMAN, ET AL.,
    Defendants.

CIVIL ACTION NO.
3:02cv1309 (SRU)

## RULING AND ORDER

On May 25, 2006, judgment entered in favor of defendants and against plaintiffs on all claims in this case. On June 9, 2006, plaintiffs filed a motion under Rule 60 of the Federal Rules of Civil Procedure. Plaintiffs seek to reopen the record to correct errors and omissions, which plaintiffs assert affect their right to appeal.

First, plaintiffs request that the orders made in open court, on the record, on January 18, 2006, be memorialized in written orders entered on the docket sheet. Plaintiffs suggest that, unless a written order reflecting the events of January 18, 2006 is docketed, the docket will be incomplete and "inadequate." Plaintiffs are apparently concerned that their rights to appeal will be affected if a written order is not prepared and entered on the docket. Plaintiffs are incorrect. The transcript of the January 18, 2006 proceeding has been prepared and docketed (doc. # 76). All orders orally issued on that date have been made a part of the record through that transcript and the Court of Appeals is fully capable of reviewing those orders, much as it does when it reviews claims of errors at trials, which are preserved only through the trial transcript. Accordingly, the Rule 60 motion is denied to the extent that it requests preparation and entry of a written order reflecting oral orders issued on the record on January 18, 2006.

Second, plaintiffs request that all pleadings, motions, objections, letters to the court, affidavits, and exhibits filed by plaintiffs be scanned into the court's electronic docket. Plaintiffs want the public to be able to view all their submissions so that both sides' positions are readily available to the public and to the Court of Appeals. The overwhelming majority of materials submitted to the court since the court began maintaining an electronic docket on October 15, 2003 have been scanned into the electronic docket. The only exceptions are documents submitted by a party in bound form, which prevents the clerk's office staff from scanning the documents. Those documents are listed on the docket sheet and are specifically identified as being manually filed. Any such documents are maintained in hard copy by the clerk's office and are made available to the public, upon request, and to the Court of Appeals upon the transmission of the record on appeal. To the extent that the plaintiffs are concerned about the cost of preparing the joint appendix for their appeal, they can seek relief from the burden of preparing the joint appendix by motion to the Court of Appeals. *See* Fed. R. App. P. 30(f). Thus, the Rule 60 motion is denied to the extent that it seeks to have manually filed materials converted to electronic form.

To the extent that plaintiffs seek to submit electronic versions of materials already submitted, that request is denied. The task of comparing electronic versions of previously filed materials to ensure the accuracy of the record would impose an undue burden on the clerk's office staff. This case, like any other in this District that was initiated before October 15, 2003, has some docket entries that are not accessible electronically. That fact does not affect the public access to or fairness of the court's docket in this case.

For the foregoing reasons, the Rule 60 motion (**doc. # 105**) is **denied**.

It is so ordered.

Dated at Bridgeport, Connecticut, this 27th day of June 2006.

                                          /s/ Stefan R. Underhill
                                          Stefan R. Underhill
                                          United States District Judge