# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

## AT BRIDGEPORT

| | |
|---|---|
| **HADLEY MACPHERSON (EGAN)** | **NO. 3:02CV1309 SRU** |
| **RACHEL EGAN** | |
| **LOYAL EGAN** | **MAY 23, 2007** |
| Plaintiffs | |
| VS. | |
| **ATTORNEY JOHN BERMAN** | **PLAINTIFFS'** |
| **BERMAN, BOURNS & CURRIE, LLC** | **MOTION FOR RELIEF** |
| **BERMAN, BOURNS, AARON & DEMBO, LLC** | **UNDER RULE 60(b)** |
| **PAUL EGAN** | **FROM JUDGMENT** |
| Defendants | **ENTERED MAY 25, 2006** |

### MOTION FOR RELIEF UNDER RULE 60(b)
### FROM JUDGEMENT ENTERED MAY 25, 2006

The plaintiffs, Hadley Macpherson, Rachel Egan, and Loyal Egan, respectfully request relief under F.R.C.P. 60(b) from the Judgment entered on May 25, 2006.

The plaintiffs attach their Memorandum of Law, Exhibits, and Affidavit of Hadley Macpherson, in support of this Motion for Relief under Rule 60(b).

Federal rule 60(b) vests a Court with the power to vacate its Orders or Judgment in order

1

to prevent manifest injustice upon a showing that the Court committed prejudicial error, or acted without Jurisdiction.

Federal Rule 60(b) further empowers a Court to vacate its Orders or Judgment if it is discovered that a party or its counsel took unjust, unfair, or illegal advantage during the litigation, or committed an act of fraud or other bad act that substantively prejudiced the opposing parties' ability to prosecute their case on equal terms.

As a matter of law, he plaintiffs were entitled to the protections of the Fourteenth and Fifth Amendments, protections embodied in the Federal Rules of Civil Procedure, which together guarantee that litigants coming before a disinterested Court be afforded <u>equal benefits</u> and held to <u>equal obligations</u>, with <u>no side favored or relieved</u> in a manner that would prejudice the other, <u>or that would defeat the other by illegitimate means, or ambush</u>.

Yet the Record, Docket, and Transcripts in this instance indisputably prove that the Court illegally afforded the in-state defendants illegal and unjust benefits and advantages which not only substantively affected the outcome of this case, and prejudiced the plaintiffs case, but which directly led to the plaintiffs dismissal, and the judgment entered on May 25, 2006.

The Record, Docket, and Transcripts indisputably prove that the Court illegally relieved the defendants of the legal duties and obligations imposed upon them by Federal Rules 5, 6, 7, 8,12, 56, and D.Conn.Local Rule 7 and 56, and illegally granted the defendants illegal rewards, all of which directly led to the plaintiffs' dismissal, and the Judgment entered on May 25, 2006.

The Record, Docket, and Transcripts indisputably prove that the Court, at the same time, placed illegal and unfair burdens, and excessive obligations, on the out-of-state pro se plaintiffs, and illegally deprived the plaintiffs of the benefits entitled to them under Federal Rules 1, 2, 4, 6, 7, 8, 12, 15, 18, 19, 42, 55, and Local Civil Rules 7 and 9, all of which directly led to the

plaintiffs dismissal, and the Judgment entered on May 25, 2006.

The Record, Docket, and Transcripts, indisputably prove that the Court deprived the plaintiffs of their Due Process Rights to Notice, Service, and the Opportunity to be Heard, as well as deprived the plaintiffs of equal access to the District Court, and Equal Protection of law, all of which not only resulted in the plaintiffs being deprived of the benefits and protections entitled to them under the Fourteenth and Fifth Amendments to the United States Constitution, and Article 1 Section 8 of the Connecticut Constitution, but which directly led to the plaintiffs dismissal, and the Judgment entered on May 25, 2006.

The Record, Docket, and Transcripts indisputably prove that the Court conducted the January 18, 2006 Oral Arguments Motion Hearing in an illegal manner which openly violated the plaintiffs Fourteenth and Fifth Amendment rights, and in a manner that directly led to the plaintiffs dismissal, and the subsequent Judgment entered on May 25, 2006.

The Record, Docket, and Transcripts indisputably prove that the Court issued illegal Orders at the January 18, 2006 Oral Arguments Motion Hearing, Orders which led directly to the plaintiffs dismissal, and the subsequent Judgment entered on May 25, 2006.

Yet the Orders born from the illegal January 18, 2006 Oral Arguments Motion Hearing, being illegally obtained, and illegal in nature, are Void, and cannot be legally enforced, upheld, or used as the factual or legal basis, foundation, or justification for the plaintiffs dismissal, or the Judgment entered on May 25, 2006.

The plaintiffs, as a matter of law, had no duty to comply with illegal Orders illegally obtained at an illegal Hearing, which are Void under the Fifth and Fourteenth Amendments.

Finally, the Record, Docket, and Transcripts indisputably prove that the facts and procedural history recited by the Court in its Ruling of May 16, 2006, which were used as the

3

factual and legal basis, foundation, and justification for the Court's Judgment entered on May 25, 2006, <u>are indisputably false</u>.

As those false facts and false procedural events recited by the Court itself in its Ruling of May 16, 2006 were used by the Court as the factual and legal foundation and justification for the Court's Findings and Conclusions expressed in the Court's Ruling of May 16, 2006, and the factual and legal basis and justification for the Court's Dismissal of the plaintiffs under Federal Rule 41, and subsequent Judgment entered on May 25, 2006, the Court's final Ruling is fatally flawed, and the resultant Judgment entered on May 25, 2006 which is born from that fatally flawed Ruling, is Void, and cannot legally stand.

Moreover, the actual facts and actual procedural events, as verified by the Record, Docket, and all Transcripts, do not factually, and cannot legally, support the Findings and Conclusion made in the Court's May 16, 2006 Ruling of Dismissal, and the resultant Judgment entered on May 25, 2006.

As for the behavior of the defendants:

The plaintiffs did not learn of the acts of the defendants in this case until after this Court had already issued its Ruling of May 16, 2006, entered its Judgment of May 25, 2006, and the plaintiffs had already filed their Appeal.

During two trips made to the District Court during the course of the prosecution of this Appeal, the plaintiffs learned that the original documents sitting in the District Court contained defects and illegalities that the plaintiffs could not have known of prior to that time.

It is now known that Attorney David Samuels and Attorney Edward Sheehy in the case of *Macpherson, Egan v. Hodgdon*, 3:01cv01555, did not in fact personally sign their Motions, rendering all Motions not signed by Attorney David Samuels and Attorney Edward Sheehy

4

legally defective and unable to be granted or considered, and a fraud perpetuated by those officers of the Court who relieved themselves of the burden of having to deliver an original of all papers bearing an original signature.

The plaintiffs were required to deliver an original copy to the Bridgeport District Court, with original signatures physically traveling from Pennsylvania, and then later, from North Carolina, or have those Motions and Pleadings turned away for being legally deficient.

Had the plaintiffs been relieved of the original signature requirement and granted the ability to fax, email, or send copies of their Motions or Pleadings through the internet to a friend who could sign their names for them, or drive a faxed or emailed copy the short distance from their local house to the Bridgeport District Court, the plaintiffs Amended Complaint would have been filed timely on February 10, 2006, and the plaintiffs would not have had to overcome the obstacles of time, space, distance, weather, traffic, the mail, human error or human interference in an attempt to meet the immutable deadline of Friday, February 10, 2006.

Furthermore, the defendants in *Macpherson, Egan v. Hodgdon*, who simultaneously and jointly argued with the counsel for the defendants in this case of *Macpherson, Egan v. Berman*, for the strike of the plaintiffs' second Amended Complaint at the January 18, 2006 Oral Arguments Motion Hearing, and permitted to benefit from the Motions and Arguments filed by the counsel for the defendants in this case of *Macpherson, Egan v. Berman* at both the January 18, 2006 joint Oral Arguments Hearing, and the May 2, 2006, joint Oral Arguments Motion Hearing, also relieved themselves of the burden of physical delivery of their Motions to the Bridgeport District Court, and were permitted to do so by the District Court.

Attorney Elizabeth Andrews (Acee), who jointly argued for the dismissal of both cases at the May 2, 2006 Hearing, and whose Motions and Memorandum were jointly considered with

those of the counsel for the defendants in this case, relieved herself of the burden of physical deliver to the District Court, and electronically filed her Memorandum of Law on March 16, 2006, a Memorandum of Law this Court accepted, considered, and used as the legal basis and foundation for the plaintiffs dismissal, and Judgment entered on May 25, 2006.

Had the plaintiffs been granted equal and similar benefit from North Carolina, they would have been able to timely file their third Amended Complaint on February 10, 2006 from the comfort and ease of their chair in North Carolina, instead of being made to physically overcome the 800 miles that stood between them and the Bridgeport District Courthouse, and all of the associated obstacles of time, space, mail, weather, traffic, and expense which posed additional burdens and additional risk that their Amended Complaint would not arrive on time.

Had the plaintiffs been granted the same instant access and equal benefit of filing, the plaintiffs, when realizing the error committed at just after 5:00 pm on Friday, February 10, 2006, could have pushed a button and timely electronically filed as Attorney Elizabeth Andrews did on March 16, 2006, when arguing for the plaintiffs dismissal for their having failed to timely overcome those 800 miles and all obstacles in between, on February 10, 2006.

Lastly, the counsel for the defendants, Attorney John Berman, and his firm, Berman, Bourns, & Currie LLC and Berman, Bourns, Aaron and Dembo LLC, that being Attorney Kevin Majewski, Attonrey David Samuels, and Attorney James Wade, all filed their Motions and papers at Hartford District Court, only a few blocks away from their offices at Robinson & Cole in Hartford, where their papers and Motions were accepted, Filed, Entered, and even considered by a separate Judge who had no authority to rule on Motions in this case at that time, and where those same papers and Motions were then traveled down to the Bridgeport District Court by the personnel at Hartford District Court as a favor to the defendants and their counsel at Robinson &

Cole, in direct violation of Local Civil Rule 3, a local Rule that the plaintiffs were bound to.

Therefore, the defendants in this case of *Macpherson, Egan v. Berman*, whose arguments this Court considered and accepted simultaneously with the arguments made by the counsel for the defendants in *Macpherson, Egan v. Hodgdon*, regarding the plaintiffs miss of the Friday, February 10, 2006, and the plaintiffs Request to file their Amended Complaint on Monday February 13, 2006, were also unfairly relieved of all burdens of time, space, expense, physical delivery, human error, weather, and human interference, and the Local Civil Rules, and were granted a dismissal for the plaintiffs not being afforded the same relief, special access and equal benefit from North Carolina.

The plaintiffs were required to file all papers at Bridgeport, and were required to file only paper originals bearing an original signature, which forced the plaintiffs to continually bear the burden, expense and associated risks of a journey hundreds of miles long to meet an immutable deadline, while the defendants in both cases were permitted to alleviate themselves of any inconvenience and any risk of untimely delivery, with the Court's knowledge, and permission.

The Court does not have the authority or Jurisdiction to afford unequal and unfair benefits and advantages, and unequal access to a party, particularly when the unequal or unfair benefits and advantages, and unequal access granted to the party being favored, would have saved the other party from a defeat if equally or similarly granted and blessed, especially when the lack of equal or similar benefit and advantage, and lack of equal or similar access, was used to the unfair advantage of the prevailing party and the basis for Dismissal.

Wherefore, the plaintiffs ask this Court to vacate its Judgment issued May 25, 2006, and its Ruling of May 16, 2006, underlying it, as well as all illegal Orders issued at the illegal January 18, 2006 Oral Arguments Hearing, which set the events leading to dismissal, in Motion.

Date: May 18, 2007

Hadley Macpherson
(aka Lisa Egan)
3438 Laurenhurst Lane
Charlotte, NC 28270
(704) 675-5252


Rachel Egan
3438 Laurenhurst Lane
Charlotte, NC 28270
(704) 675-5252


Loyal Egan
3438 Laurenhurst Lane
Charlotte, NC 28270
(704) 675-5252

_Rachel J Egan_
Rachel Egan
3438 Laurenhurst Lane
Charlotte, North Carolina, 28270
(704) 675 - 5252

_Hadley Macpherson_
Hadley Macpherson
3438 Laurenhurst Lane
Charlotte, North Carolina 28270
(704) 675 - 5252

_Loyal Egan_
Loyal Egan
3438 Laurenhurst Lane
Charlotte, North Carolina, 28270
(704) 675 - 5252

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent this day of ~~March~~ May 25, 2007 to Attorney James Wade and Attorney Andrea Napp of Robinson and Cole, at 280 Trumbull Street, Hartford CT 06103-3597 appearing for the defendant, John Berman, and the defendants Berman, Bourns, & Currie LLC, and Berman, Bourns, Aaron, & Dembo LLC, and to the pro se defendant, Paul Egan at 56 Ironworks Road, Clinton, Connecticut, 06413.

_Rachel J Egan_
Rachel Egan
3438 Laurenhurst Lane
Charlotte, NC  28270
(704) 675 - 5252

_Hadley Macpherson_
Hadley Macpherson
3438 Laurenhurst Lane
Charlotte, North Carolina
(704) 675-5252

_Loyal Egan_
Loyal Egan
3438 Laurenhurst Lane
Charlotte, NC  28270
(704) 675-5252