UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN), ET AL.,<br>    Plaintiffs,<br><br>    v.<br><br>JOHN BERMAN, ET AL.,<br>    Defendants. | CIVIL ACTION NO.<br>3:02cv1309 (SRU) |

## RULING and ORDER

On May 25, 2006 judgment entered in favor of defendants and against plaintiffs on all claims in this case, based upon a lengthy written ruling dismissing the case. *See* doc. ##103 and 104. On June 9, 2006, plaintiffs filed a motion under Rule 60 of the Federal Rules of Civil Procedure seeking to correct the record. On June 27, 2006, I denied that motion. *See* doc. #106. On July 27, 2006, plaintiffs filed a notice of appeal. *See* doc. #107. On June 12, 2007, the Court of Appeals issued a mandate, dismissing the plaintiffs' appeal. *See* doc. #117. Plaintiffs have now filed another Rule 60 motion, dated May 25, 2007, seeking relief from the May 25, 2006 judgment. For the reasons that follow, the motion is denied.

Rule 60(b) provides that the court may relieve a party of a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

In addition, the motion must "be made within a reasonable time, and for reasons (1), (2), and (3)

not more than one year after the judgment, order, or proceeding was entered or taken."

As a preliminary matter, plaintiffs have not attached a memorandum or any affidavits or other evidence to the motion. Thus, the motion fails for lack of support for the allegations made therein. Nevertheless, even if I were to assume the truth of the plaintiffs' factual allegations, the motion would still fail.

The plaintiffs argue, in effect, that I deprived them of their due process rights by treating them differently than the defendants; that differential treatment, according to plaintiffs led to the dismissal of their case in my May 16, 2006 ruling. Specifically, the plaintiffs assert that: (1) one attorney for one of the defendants filed one document electronically, rather than manually, when the case was not designated for electronic filing; (2) one attorney for one of the defendants in the loosely related case, 3:01cv1555 (SRU), filed a document without an original signature; and (3) I considered arguments in both this case and the 3:01cv1555 case at the January 18, 2006 hearing, which prejudiced plaintiffs. *See* Plaintiffs' Motion For Relief From Judgment (doc. #116) at 4-7. In sum, plaintiffs complain that the defendants bore less burden than the plaintiffs with respect to the logistics of filing and related procedural issues, and as a result, the defendants gained unfair advantage.

First, I am not aware of any document that was either filed with an electronic signature, or one that was filed with no original signature. With respect to the document allegedly filed without original signature, that would not even be relevant to this case because it allegedly occurred in the 3:01cv1555 case. Even if both of those events occurred, however, it did not prejudice the plaintiffs. Under this Court's policies and procedures governing electronic filing, pro se parties are not permitted to file documents electronically. More importantly, I gave the

plaintiffs in this case substantial leniency with respect to deadlines and compliance with other court orders.

At the time I dismissed this case, it had been pending for almost four years, and after that time, plaintiffs had still not filed a workable complaint. I granted at least 13 extensions of time filed by the plaintiffs. I secured pro bono counsel for plaintiffs, and advised plaintiffs of the benefits of taking that counsel, but plaintiffs refused. As the detailed procedural history and explanation in my May 16, 2006 ruling makes clear, I did not give defendants any unfair advantage. *See* doc. # 103. Rather, I attempted to give plaintiffs the benefit of every doubt, and attempted to reach the merits of plaintiffs' case, despite plaintiffs' repeated failures to comply with court orders. Therefore, even if plaintiffs' factual allegations were true, it did not prejudice the plaintiffs because they suffered no harm as a result of those activities. The fact that defendants reside in the District of Connecticut, and thus bore less burden in filing documents than the plaintiffs who live in North Carolina, does not mean that the legal process was void or illegal. Having said that, plaintiffs knew well that they could file by mail or express delivery service. Moreover, there is no support for the assertion that anything the court did led to dismissal of the complaint.

In addition, I considered arguments in both this case and the 3:01cv1555 case on January 18, 2006 because the plaintiffs had unilaterally attempted to consolidate the cases by filing a single amended complaint directed at both cases, thereby implicating both sets of defendants. The hearing did not prejudice the plaintiffs in any way. Indeed, it saved the plaintiff from having to make another trip to Connecticut by addressing similar issues in a single proceeding.

In sum, there is no merit to the plaintiffs' suggestion that they were treated unfairly or that defendants received any unfair advantage. Quite the contrary, plaintiffs received an extraordinary amount of leniency. Therefore, plaintiffs' motion for relief from judgment (**doc. #116**) is **DENIED**.

It is so ordered.

Dated at Bridgeport, Connecticut, this 21st day of June 2007.

                                                          /s/ Stefan R. Underhill
                                                              Stefan R. Underhill
                                                              United States District Judge